W. W. AMMONS et al. *v.* W. W. WHITEHEAD, Adm'r, &c.

1. JUSTICE OF THE PEACE: APPEAL: JURISDICTION.—If a justice of the peace have jurisdiction to render a judgment, from which an appeal is taken to the Circuit Court, it is no objection to the judgment rendered on the appeal in the latter court, that it is for an amount not within the jurisdiction of the justice of the peace. Hence, where W. recovered three several judgments against D. before a J. P., each for an amount, and in a cause of action within his jurisdiction, and D. thereupon took an appeal to the Circuit Court from all the judgments, giving the same persons as sureties on each of the appeal bonds ; and on D.'s motion in the Circuit Court, the three cases were consolidated, and a joint judgment rendered ; by consent of D. and W., against D. and his sureties on the appeal bonds, for $153 46, the aggregate amount of the three judgments rendered by the J. P. ; it was held that this judgment was binding on D. and his sureties.

2. PRINCIPAL AND SURETY: DELAY OF PAYMENT.—The sureties on a bond given to secure an appeal, from a judgment rendered by a justice of the peace, to the Circuit Court, are not released by a compromise between the principal and the creditor, made without their assent, by which the creditor recovers judgment against the principal and the sureties, with stay of execution for twelve months.

3. CHANCERY: EXECUTION WITHOUT REVIVAL: PRACTICE.—If execution be issued in the name of the administrator, upon a judgment rendered in favor of the intestate, without revival by *scire facias*, it is no ground for relief in a court of equity. The error can be corrected in a court of common law, by motion to quash the execution, or by writ of error *coram nobis*, with *supersedeas*.

IN error from the chancery side of the Circuit Court of Holmes county. Hon. Ely Henry, judge.

A full statement of the case will be found in the opinion of the court.

*Thos. Botters,* for plaintiffs in error.

1. The Circuit Court, in determining a cause before it, by appeal from a justice of the peace, has no jurisdiction except that which is conferred by law on justices of the peace. The Circuit Court derive their whole jurisdiction, in such cases, from the appeal. The judgment in this case being for an amount not within the jurisdiction of a J. P., is consequently void. *Glass* v. *Moss,* 1 How. Rep. 519; *Crapoo* v. *Town of Grand Gulf,* 9 S. & M. 205 ; *Scofield* v. *Persons,* 4 Cushm. R. 402.

2. The condition of the appeal bond only bound the sureties to pay, in case the judgments should be *affirmed*. Here the judgments were not affirmed : a new case was made, and a judgment rendered, which was very different from an affirmance of the judgments appealed from.

3. The judgment not having been revived in the name of the administrator, ought not to be enforced, by virtue of the execution enjoined.

4. The sureties are discharged by the agreement to delay the execution of the judgment for twelve months, upon a valid consideration, to wit: that Derrick would cease his further objection to the validity of the recovery. The facts bring the case within the very letter of the rule established by this court in *Goran* v. *Binford*, 3 Cushm. 151. He also cited on this point, Burge on Suretyship, Am. ed. 207 ; *United States* v. *Hillegas, adm'r*, 3 Wash. Cir. Ct. Rep. 70.

*J. P. Povall*, for defendant in error,

Filed an elaborate brief, in which he contended ; First. That the Circuit Court having obtained jurisdiction of the three judgments, by appeal, could not lose it by the consolidation ; that if the consolidation was not allowable under the circumstances, it was merely error, and not a void act, and that the proper remedy is by writ of error, or appeal. See 1 S. & M. 381; 8 Ib. 505. Second. That the sureties on the appeal bond are parties to the action, and are regarded as in court. 13 S. & M. 389. And that it was their duty, if they had objections to the rendition of the judgment in the Circuit Court, to have appeared and made it ; and their failure to appear was an authority to the principal to conduct and manage the cause for them; and that they are *bound* by his acts in the premises. That this was a sufficient answer to the positions taken by counsel for plaintiffs in error, in reference both to the breach of the appeal bond and the agreement for delay. Third. That this proceeding was not the proper remedy for the error, if any, in suing out the execution in the name of the administrator, without revivor. The plaintiffs in error have a full and complete remedy at law. Fourth. That if it be considered that the sureties

were released by the delay, if nothing further had been done ; yet, by their subsequently taking indemnity, this confirmed the agreement, and they are now bound. *Edwards* v. *Roberts*, 7 S. & M. 555.

HANDY, J., delivered the opinion of the court.

The plaintiffs in error filed their bill on the chancery side of the Circuit Court of Holmes county, stating in substance, that in the year 1852 the defendant's intestate recovered three judgments against one Derrick, before a justice of the peace of that county ; that Derrick took an appeal therefrom to the Circuit Court, and the appellants became his sureties on the several appeal bonds given, and the three cases were sent up and docketed in the Circuit Court; that on motion of Derrick, the three cases were consolidated, and in order to avoid further expense and litigation, the plaintiff proposed a compromise of the suit, which was agreed upon between him and the defendant, Derrick, without the knowledge and consent of the appellants on these terms ; that in consideration of the defendant withdrawing his defence, and permitting judgment to be rendered for the whole sum due, the plaintiff would stay the execution for twelve months ; and therefore judgment. was accordingly rendered against Derrick and the appellants, as sureties on his appeal bonds, on the 16th December, 1852, for $153 64, and the agreement for the stay was entered on the record : that the appellants were ignorant of this compromise until the spring of 1853, and as soon as they learned of its existence, without intending to ratify the act of Derrick in making the compromise, they agreed with Derrick that he should give them his cotton crop for the year 1853, as indemnity, and accordingly received from him four bales of cotton, and sold them for $96 43, out of which they had to pay a charge upon the cotton of $50, leaving only $46 43 in their hands, which they offer to pay on the judgment; that an execution has been issued on the judgment since the expiration of the stay, in favor of the defendant, as administrator of the plaintiff in the judgment, without revival by *scire facias*.

The bill insists that the conditions of the appeal bonds have

not been broken, and that the judgment was improperly rendered against the appellants, as sureties thereon, and that they were discharged by the stay of execution given upon the judgment.

The defendant demurred to the bill; the demurrer was sustained and the bill dismissed.

The first ground of relief claimed by the appellants is, that when the cases were removed to the Circuit Court, that court had no power to consolidate them, because it had no further jurisdiction over them than the justice of the peace, from whom their jurisdiction was derived by appeal, and, inasmuch as the justice of the peace would not have had jurisdiction over a suit for the aggregate amount of money in the three cases, that the Circuit Court lost its jurisdiction by the consolidation.

If this position were correct, it would only show error in the judgment, the remedy for which would be by writ of error to this court to reverse the judgment, and it would constitute no sufficient ground for relief in equity.

But we consider the position altogether untenable. It is true, that the Circuit Court derived its jurisdiction over the cases from the appeal, and if it had appeared to the court that the suits before the justice of the peace had been brought in fraud of the jurisdiction of the Circuit Court, that court might have dismissed them. But it did not appear, and is not alleged, that they were brought to defeat that jurisdiction.

When the cases were removed by appeal to the Circuit Court, they were required to be tried *de novo*, and that court had jurisdiction over each and all of them. The aggregate amount involved in the suits was within its general jurisdiction; and if, when the cases were there docketed, it was shown to the court that they all depended upon the same facts, and that it would prevent delay and expense to consolidate them, and try them together, the defendant and the sureties being the same in all of them, it was as much within the power of the court to consolidate them as if they had been actions originally brought in that court, and within its jurisdiction. And this is especially true, when the consolidation was made on the motion of the defendant.

The contrary view, which is taken by counsel, is founded on

Ammons et al. *v.* Whitehead et al.

misapprehension of an expression used in some cases in this court; that in cases taken by appeal to the Circuit Court from a justice of the peace, the Circuit Court has no other jurisdiction than the justice of the peace had. 9 S. & M. 206; 1 How. 519. That expression must be understood to mean, that when the justice of the peace had no jurisdiction of the cases upon which he pronounced judgment, the Circuit Court can have none by appeal. But when the jurisdiction has been properly exercised by the justice of the peace, and the cases are duly taken to the Circuit Court by appeal, they become subject to the common law powers of that court, except so far as they may be restrained by express statutory provisions.

Again, it is said, that the sureties on the three bonds could only become liable upon a breach of the condition of each bond. That is true. But when the sureties were the same individuals in all the cases, and a judgment was rendered for the plaintiff, for the aggregate amount of the three suits in one case, was not the condition of each bond as substantially broken as though there had been separate judgments rendered in the three cases? The affirmative of this appears to be too clear for controversy.

The next ground of complaint set up in the bill is, that the execution was issued after the death of the plaintiff, and in the name of his administrator, without revival by *scire facias.* Whatever force there might be in this, as a mere legal objection, it certainly of itself constitutes no ground for coming into equity to enjoin the execution; for the remedy, if any, was ample at law, by motion to quash the execution, or by writ of error, *coram nobis* with *supersedeas.*

Another ground of relief, relied upon by the appellants is, that by the stay of execution upon the judgment in the Circuit Court, without the knowledge or consent of the appellants, they, as sureties on the appeal bond, were released.

There can be no doubt as to the general rule, that any agreement by which the creditor is legally bound to give time for payment to the principal for a stipulated period, will discharge the surety. And the reason upon which the rule is founded is, that the agreement for indulgence engrafts a new feature in the con-

tract, by which the creditor is disabled from suing upon the contract, as it was made by the principal and sureties, in consequence of which the surety is deprived of the right which he had under the contract, as made by him, to come forward and pay the debt and be subrogated to the rights of the creditor, and especially to the right to sue the principal upon the contract as it originally stood. When, by a binding contract between the creditors and the principal, the terms of the original contract are varied, and further time of payment, for a definite period is given, without the assent of the surety, he is discharged upon the principle just stated. Let us inquire, then, whether this case comes within the general rule.

The bonds were executed for the purpose of having the cases re-tried in the Circuit Court, and their legal effect was to give that court jurisdiction to determine the cases, and to render judgment, if necessary, against both the principal and sureties. Their condition was, substantially, that if the judgments should be there affirmed, they would abide by and perform the judgment of the court to be rendered thereupon. From their very nature, the obligation of the sureties was contingent and uncertain. They were given for the express purpose of enabling the principal to carry on the litigation; and in the event that he should be unsuccessful, the law under which they were given provided that the judgment should be rendered against both the principal and sureties. Even if the sureties are not to be considered bound as parties to the judgment, so as to be debarred of the right to complain in a collateral proceeding of what was done in the proceeding, the necessary legal effect of their execution of the bonds was to confer upon the principal full power to do whatever he might deem necessary and proper in defending or determining the suits in the Circuit Court. The principal might have withdrawn all defence, and submitted to judgments in the three cases immediately upon their presentation in the Circuit Court; and upon the same reason he was authorized to compromise the suits upon terms advantageous to himself. This was no violation of the obligation of the sureties, nor a variation of the terms of their obligation; for that was entirely contingent and uncertain, except that the parties had, by the necessary legal effect of the act, submitted themselves to what-

ever might be done in the determination of the suit, by their principal, under the sanction of the court. There was no fixed obligation, the terms of which were varied by the creditor and the principal, so that the sureties were deprived of the right of subrogation; nor did the stay of execution deprive them of any right or security which existed in their behalf before the rendition of the judgment and the entry of the stay. And whether the sureties be regarded as parties to the judgment, and as such bound by the proceedings in the suit, or as bound by the action of their principal by reason of the power necessarily conferred upon him by the purpose and legal effect of the bonds, it is clear that the sureties are not within the rule which discharges such parties in consequence of indulgence given to their principal.

We are, therefore, of opinion, that the court acted properly in sustaining the demurrer, and in dismissing the bill.

The decree is affirmed.

FISHER, J., declined a concurrence in this opinion.