## DRAKE v. SMYTHE ET AL.

1. **Jurisdiction:** PRACTICE IN THE SUPREME COURT: JUDGMENT. Where after an appeal had been perfected and supersedeas bond filed, it was agreed between the parties to the action, without the consent of the sureties, that a judgment should be entered in the Supreme Court against the appellants and sureties, and a judgment of affirmance was accordingly entered, it was *held*, that upon a motion made at the following term at the instance of the sureties the court had jurisdiction to set aside the judgment.

2. **Principal and Surety:** LIABILITY OF SURETY. That but one of two joint defendants united in the execution of the supersedeas bond would not have the effect to diminish the liability of the sureties, which was only limited by the amount of the judgment.

3. ———: ———: JUDGMENT. Where in an action against two defendants judgment was rendered against both and also against one of the defendants, who did not join in the execution of the supersedeas bond, a judgment against the sureties for the amount of the latter judgment was set aside.

4. ———: ———. Where judgment is rendered by consent against the principal, on the condition that execution be stayed for a time, the surety is bound by the judgment equally with the principal.

*Appeal from Davis Circuit Court.*

THURSDAY, OCTOBER 19.

PLAINTIFF brought an action in the Davis Circuit Court against J. O. Smythe, J. W. Barnes and the Burlington and Southwestern Railroad Company, and recovered therein a judgment against Smythe and Barnes jointly for $1,158.80, and another judgment against Barnes alone for $110.80. These judgments were rendered upon the claims sued upon in the action in which there was but one trial, and are included in the same record entry. Smythe and Barnes united in a notice of appeal to this court, which was duly served. A supersedeas bond was filed which recites that Smythe is the principal thereon, and that he appeals in the case. Barnes is not named in the body of the bond, but his name is signed thereto by his attorney, without designating whether he executes it as principal or surety.

After the appeal was perfected the parties agreed that the judgment should be affirmed in this court, without damages, against the defendants and the sureties on the supersedeas bond, with a stay of execution for nearly nine months. Upon this agreement a judgment of affirmance was entered in this court against defendants and the sureties.

At a subsequent term the sureties made their motion in this court to set aside and vacate the judgment against them, which is disposed of in the following opinion.

*Thomas Hedge, Jr.,* for the motion.

*Traverse & Eichelberger,* contra.

Beck, J.—I. The motion is based upon the grounds, 1st. That while the sureties become bound by the supersedeas bond for and on behalf of Smythe alone, judgment is rendered against them as sureties of Barnes. 2d. That such an agreement was entered into between the parties for the stay of execution, without the knowledge and consent of the sureties, that thereby they become released from liability upon the bond.

II. We had some doubts, when the motion was first submitted to us, whether we had jurisdiction, at a term subsequent to the one at which the judgment was rendered, to set it aside, and we requested counsel to discuss this point. Counsel against the motion do not argue the question, and do not dispute our jurisdiction. Upon further consideration we are satisfied that we possess authority to cancel the judgment if we find it has been unlawfully rendered. This power was conferred by the common law upon the courts. *Kemp et al. v. Cook et al.,* 18 Md., 130.

<span style="font-size:small">1. JURISDICTION: practice in the Supreme Court: judgment.</span>

We know of no statute which takes it from this court. Those statutes which restrict or regulate it are applicable to the inferior courts. As there can be no review of judgments entered here, it appears that the protection of parties and the right administration of justice demand that jurisdiction should rest in this court to correct or cancel judgments improvidently entered through mistake or oversight, or procured in

Drake v. Smythe.

cases wherein the record, when inspected, fails to show juris-
diction in this court.

III.   It may be conceded for our present purpose, as con-
tended by counsel for the motion, that Smythe alone is the

2. PRINCIPAL   principal in the supersedeas bond, and that Barnes
and surety:    took no steps to stay the judgment.   The sureties
liability of
surety.        became bound in that case for Smythe alone.
But as the judgment against Smythe and Barnes is joint,
Smythe, by his sole act, caused it to be superseded.   The
sureties became liable for him thereby.   Their liability is as
broad as Smythe's and that is for the full amount of the judg-
ment.   This position, we believe is not denied by counsel for
the motion.   The judgment against the sureties upon the bond
for the amount of the joint judgment against Smythe and
Barnes is, therefore, correct unless it be obnoxious to another
objection which we will hereafter consider.

IV.   The smaller judgment is against Barnes alone.   Smythe
could not, by a supersedeas bond, stay execution on that judg-

3. ——: ——.   ment, and it does not appear that he attempted so
judgment.      to do.   By the terms of the bond filed it is appli-
cable in a judgment against Smythe; it was intended to super-
sede such a judgment; its language cannot be construed to
cover a judgment against Barnes alone.   That judgment was
not superseded nor within the terms of the bond.   The sure-
ties are not bound therefor.   The judgment in this court
against them for the amount of the judgment against Barnes
alone was rendered without authority, and must be set aside.
To this extent the motion will be sustained.

V.   It is insisted, by the counsel for the motion, that the
sureties are released by reason of the agreement, upon which

4. ——: ——.   the judgment was affirmed in this court, to extend
the time of payment and stay execution without their knowl-
edge or consent.

By the execution of the bond the sureties enabled the
defendants to supersede the judgment.   The sureties became
parties to the record, and were liable to any judgment rendered
in the cause within the limit of their obligation.   Their rela-
tion to the action was not such as gave them any control

thereof; they could not dictate to defendant the course he should pursue in the case; he had the full right to do whatever the law authorized in a case where no sureties are concerned. Their position in the case was one of obligation for debts, not of rights in conflict with defendant's rights. They were bound for the judgment which should be rendered against defendant in the progress of the suit. That defendant had the right to stipulate for time upon the rendition of the judgment cannot be questioned. The sureties, then, are bound by that agreement, and are liable upon the judgment. These views are supported by *Hershler et al. v. Reynolds et al.*, 22 Iowa, 152; *Ammons v. Whitehead et al.*, 31 Miss., 99.

The motion, as to the judgment against Smythe and Barnes jointly, is

OVERRULED.