## L. W. CARRAWAY *v.* J. H. ODENEAL ET AL.

1. PRINCIPAL AND SURETY. *Promissory note. Judgment. Time of payment extended.*

In an action against the makers of a promissory note, one of whom is principal and the other surety, if the principal agree with the plaintiff that judgment shall be rendered against himself and his co-defendant, with a stay of execution for a given time, and the judgment is accordingly entered, the surety is not discharged from liability by the holder of the note giving the principal further time for payment, but is held as a party to the agreement, and bound by it, although he never consented to it, or knew any thing of it; for, being a defendant in the action, he is constructively present at the rendition of the judgment, which is in the nature of a new contract with both defendants.

2. PROMISSORY NOTE. *Agreement to take less than amount due. Effect.*

Where the holder of a promissory note agrees with the maker thereof to take less than the amount legally due on the note if paid within a given time, the note being then overdue, the agreement is void for want of a consideration, and the holder of the note may collect the full amount due thereon.

3. CHANCERY PRACTICE. *Motion to dissolve injunction.*

Under sect. 1049 of the Code of 1871, a motion to dissolve an injunction may be heard on the tenth day after the filing of the answer, and the motion may be entered and notice be given to the complainant on the day of such filing.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

On the 20th of August, 1873, John C. Carraway as principal, and L. W. Carraway as surety, executed their promissory note, payable to W. H. Childs, at ninety days after date,

no rate of interest being expressed. On the 20th of November, 1873, $700 were paid on the note. On the 2d of June, 1874, Childs commenced an action against the makers of the note for the balance due thereon. Soon after the institution of the action, J. H. Odeneal bought the note for the consideration of $500. Then it was agreed between Odeneal and John C. Carraway, that if the latter should pay the former, in twelve months from that time, $500, with interest theron at the rate of one and one-half per cent per month, then Odeneal would deliver up the note to Carraway.. The case was continued for several terms of the court, and John C. Carraway paid $125 on the note. But on the 7th of June, 1876, a written agreement was made between Odeneal and John C. Carraway, by which it was stipulated that a judgment in said action should be rendered at the next term of court for the full balance due on the note, less the credit of $125, with a stay of execution for twelve months ; and that, if John C. Carraway should, within the twelve months, pay Odeneal $487.33, with interest at one and one-half per cent per month, the latter would assign the judgment as the former might direct. The $487.33 was the balance of the $500 paid by Odeneal for the note, and interest thereon at one and one-half per cent per month, after deducting the $125 paid by John C. Carraway. On the 5th of August, 1876, a judgment was entered against John C. and L. W. Carraway for $696, the balance due on the face of the note, after crediting the payments, with a stay of execution for twelve months, as agreed upon.

Nothing having been paid on the judgment within twelve months after its rendition, Odeneal had execution issued against both defendants therein. Thereupon L. W. Carraway filed his bill in chancery, alleging the insolvency of John C. Carraway, and claiming that he, as surety on the note, was discharged from all liability in respect thereto by the agreements which Odeneal made with John C. Carraway, giving further time for the payment of the note, and that Odeneal was only entitled to collect by execution the principal of the amount due according to his agreement with J. C. Carraway, and ten per cent interest

thereon, and not the full amount expressed in the judgment. The bill states that the complainant never consented to those agreements, and had no knowledge of them until about sixty days before the preparation of his bill. The complainant prayed for and obtained an injunction against the execution of the judgment as to him. Odeneal and the sheriff to whom the execution was directed were made defendants to the bill, and Odeneal answered. His answer was filed on the 23d of March, 1878. On the 26th of the same month he moved to dissolve the injunction; and on the 3d of April, 1878, the motion was heard and the injunction dissolved. The answer was filed, the motion made, and the hearing had, — all in term-time. From the decree dissolving the injunction the complainant appealed.

*Shelton & Shelton*, for the appellant.

1. Odeneal's contract of forbearance with John C. Carraway, the principal debtor, discharged L. W. Carraway, the surety. 53 Miss. 650; 52 Miss. 637; 4 Metc. 164; 10 Ala. 589; 14 Ohio, 348; 9 Wheat. 702. The payment of usurious interest was a valid consideration for the contract. 10 Ala. 589; 1 Geo. 438. The entry of judgment, with a stay of execution for a year, was also sufficient to discharge the surety. 3 Denio, 377; 5 Ohio, 214. A contract for forbearance, without the consent of the surety, releases him, whether it be detrimental to him or not. 48 Miss. 85; 9 Wheat. 702; 6 Smed. & M. 37, 38; 4 How. 690; 72 Tenn. St. 374; 36 Tenn. Stat. 451; 32 Mo. 443. This principle applies as well to a judgment as to a simple contract. 52 Miss. 638.

2. Odeneal could only collect of John C. Carraway the sum due according to their contract, and not the full amount of the judgment. That was a new contract, and a settlement of the original debt. 25 Miss. 566; 28 Miss. 69.

3. The motion to dissolve the injunction should not have been made till ten days after the answer was filed, and could not be properly heard in term-time till five days after it was entered, and fifteen days after the answer was filed. Code 1871, sect. 1049.

*Nugent & McWillie*, for the appellees.

Odeneal's contract with John C. Carraway, by which the former agreed to accept $500, with one and one-half per cent interest per month, if paid within one year, was void for want of consideration. Odeneal could not get any thing by the agreement, to which he was not entitled before ; for the $500, even adding the usurious interest, was not equal to the amount actually due on the note. *Clopton* v. *Sprott*, 52 Miss. 259 ; *Wright* v. *Watt et al.*, 52 Miss. 637 ; 2 Am. Ld. Cas. 412, 417, 467, 472 ; 2 White & Tudor Ld. Cas. 1876, 1877, 1898, 1899, pt. 2. The contract was not such as to preclude Odeneal from demanding payment of the note, or the appellant from compelling him to proceed to collect it. A surety can never claim to be released, without showing that he has been damaged by the act of the creditor. *Clopton* v. *Spratt*, 52 Miss. 259.

CAMPBELL, J., delivered the opinion of the court.

A surety who is a party to an arrangement for giving time by the creditor, and assenting to it, will not be discharged by such giving of time. Appellant was a defendant in the action, and was, constructively, present at the rendition of the judgment, and was a party to it, and is bound by it, as having assented to it. *Ammons et al.* v. *Whitehead*, 31 Miss. 99. The judgment is in the nature of a new contract made with both.

The agreement of Odeneal to be satisfied by payment of $500, and one and one-half per cent interest per month, was without consideration, and void, and he is entitled to the full amount of the judgment.

The damages were properly calculated on the full amount of the judgment enjoined, it appearing that the whole amount is due. The credit for $63, claimed in the argument, is not claimed by the bill, and it does not appear that the judgment was for more than was due on the note.

The motion to dissolve was properly heard ten days after

answer filed. Code, sect. 1049. It is correct practice for the respondent to give notice of the motion to dissolve to the opposite party on the day the answer is filed, if he sees proper thus to speed the cause ; and the complainant cannot complain of the hearing of such motion ten days after the filing of the answer, if the law is complied with in other respects.

Decree affirmed.