# FIRST STATE BANK OF MOUNTAIN LAKE v.
## C. E. STEVENS LAND COMPANY and Another.[1]

October 25, 1912.

Nos. 17,643—(24).

**Principal and surety — release of surety.**

A stipulation for an affirmance of an order or judgment appealed from, made in good faith, does not release the surety on the appeal bond.

**Appeal bond — construction.**

In an action, findings were made directing judgment to be entered in favor of the plaintiff therein, the stay allowed had expired, and plaintiff threatened to enter judgment, whereupon the defendant promised that if plaintiff would refrain from entering judgment in the intended appeal, defendant would gave a satisfactory bond to pay all judgments and costs that might be entered in the action. If it be proven that such an agreement was made and kept by plaintiff, and pursuant thereto an appeal bond was executed, the bond is a valid common-law obligation and binding in all its terms.

**Indefinite findings — reversal.**

In order to determine the prejudicial effect of errors properly assigned, the whole record may be examined, and if, in the light thereof, the findings appear indefinite and uncertain on a vital issue, the judgment should not be allowed to stand.

**Statute of frauds.**

The bond in this case considered as a common-law obligation is not void

[1] Reported in 137 N. W. 1101.
     119 M.—14.

under the statute of frauds for failure to state the consideration, namely, the alleged agreement in full.

**Effect of amended complaint.**

An order sustaining a demurrer to a complaint is of no effect as determining the law of the case after the service of an amended complaint.

Action in the district court for Cottonwood county against the C. E. Stevens Land Company and the Title Guaranty & Trust Company, to recover $3,264.79 upon a bond. The facts are stated in the opinion.

The amended complaint, among other matters, alleged that through mistake in drafting the bond and in the execution thereof, in each of the places where the date of the bond and execution thereof appeared, the word "November" was used instead of the word "December;" that the instrument was in fact executed December 3, 1904; that the agreement entered into before the delivery of the bond and in consideration therefor was that Hiebert, assignor of plaintiff, was to refrain from entering judgment in the district court in his favor, as had been ordered by the district court in its order, during the pendency of the appeal, and in consideration of said bond being executed and delivered he did refrain from entering said judgment in the district court until after the appeal was determined in the supreme court. The amended complaint also set up that the defendant land company was solvent at the date of the execution of the bond, but since that date became and remained insolvent and had no property from which the judgment could be collected.

The answer to the amended complaint denied the bond was executed on December 3, 1904, or at any other time than the date thereof, and denied specifically the allegations in the complaint set out above.

The case was tried before Nelson, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Reversed and new trial granted.

*Wilson Borst* and *J. G. Redding,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

HOLT, J.

The action is to recover on an appeal bond. Judgment was rendered for the defendant, the surety, and plaintiff appeals therefrom.

Plaintiff's assignor, one J. C. Hiebert, in an action pending in the district court against C. E. Stevens Land Company, was successful, and findings directing judgment to be entered in his favor for $5,050 were duly made and filed September 22, 1904. A stay of proceedings for twenty days was granted the next day, but none other. A motion for a new trial was denied November 26, and December 5, 1904, a notice of appeal was served. On that day the attorney for the Land Company delivered to the attorney for said Hiebert the bond in suit for $6,000, executed by said Land Company, as principal, and this respondent as surety. After stating that an appeal from the order denying a new trial had been taken, the bond reads:

"Now, therefore, if the said The C. E. Stevens Land Company aforesaid, shall pay all costs that may be awarded against it and all damages sustained by the respondent in consequence of said appeal, and abide and satisfy the judgment or order which the appellate court may give therein, and pay all judgments and costs which may be rendered against it in said action, then this obligation shall be void, otherwise to remain in full force."

The order appealed from was affirmed and upon remittitur to the district court judgment was entered upon the findings. Plaintiff now seeks to recover of the defendant, the surety on the bond, the balance unpaid on the judgment. The surety pleaded and the court found that the affirmance of the order appealed from by the C. E. Stevens Land Company in this court was pursuant to a stipulation between the parties. Plaintiff herein saved exception to the reception of the stipulation in evidence, and also assails the finding upon that issue as immaterial. The defendant contends that this finding is not only material, but conclusive that no liability exists on the bond.

There are authorities to the effect that an affirmance of an appeal by active consent of the litigants releases the surety, or precludes the happening of the implied condition precedent to liability on the bond, namely, that the appeal shall be heard on its merits; that,

by stipulating for affirmance of the appeal, a condition not contemplated is added to the contract of the surety and he is released; and that the surety in assuming the contract has a right to rely on the chance that he will be relieved from liability if the appellate court considers the appeal on the merits, therefore, when the litigants, by agreement, take away this chance, he is not to be holden. Johnson v. Flint, 34 Ala. 673, where, however, the stipulation disposing of the appeal without a hearing was for the entry of a different judgment than the one appealed from.

Long v. American, 146 N. Y. 251, is also relied on by defendant. In that case the stipulation in the court of appeals was for a judgment reversing the decision of the supreme court and reinstating the judgment of the trial court; the circumstances of the stipulation savored of fraud upon the surety. However, the court does not place its conclusion on that ground, but on the ground that the affirmance of the original judgment was not an affirmance within the true meaning of the bond. The court makes use of this language: "The question of fraud or collusion is not presented. But it seems difficult to escape the conviction that the purpose of the arrangement was to subject the defendant to liability on its undertaking. None of the cases on the construction of bonds indemnifying against suits or judgments, or upon appeal bonds, which have come to our attention, presents the peculiar feature of this case, of a consent by a party who has succeeded on the appeal taken by him to a reversal of the judgment in his favor and to a restoration of the original judgment against him." While the facts may thus differentiate this case cited from the case at bar, the principal announced sustains the defendant's contention. See also Large v. Steer, 121 Pa. St. 30; Baker v. Frellsen, 32 La. An. 822; Andre v. Fitzhugh, 18 Mich. 93.

We are, however, not inclined to the views taken in the foregoing decisions. The surety on an appeal bond has no voice in the conduct of the litigation, nor any interest in the matters involved. It is understood that the appeal is for the sole benefit of the principal in the bond. He alone has the right to carry on or terminate the appeal in the manner he chooses, if not prevented by his adversary or the court. Therefore, if at any time he concludes that continuing

the litigation will be of no advantage to him, or will entail useless expense, he should have the right to stipulate for an affirmance or dismissal of the appeal without thereby releasing the surety on the bond. All authorities are agreed that intentional neglect of an appellant to take the steps necessary for a consideration of the appeal on the merits does not affect the liability of the surety on the appeal bond. And what is such neglect but doing by indirection what was here accomplished by the stipulation? We are of opinion that the right of a litigant to terminate litigation, and which should be favored by courts, is an incident annexed to bonds on appeal, so that when this right is exercised in good faith it does not in anywise release the surety on the bond. We do not here consider a case where the parties have colluded to work a fraud on the surety, for the stipulation for affirmance appears to have been prompted by a laudable desire to avoid certain defeat for one of the parties and needless trouble and expense for the other.

As supporting the rule we adopt, see Chase v. Beraud, 29 Cal. 138; Drake v. Smythe, 44 Iowa, 410; Ammons v. Whitehead, 31 Miss. 99; Bailey v. Rosenthal, 56 Mo. 385; Howell v. Alma, 36 Neb. 80. We therefore conclude that it was error to receive the stipulation to affirm and that the finding based thereon, if given any legal value, will result in a wrong judgment.

Since no judgment was entered in the court below when the bond was given, and since on this trial no evidence was offered to show that the financial standing of the obligor in the bond had changed for the worse during the pendency of the appeal, the contention of the defendant is that plaintiff is not in any event entitled to recover. It claims this was a statutory cost and supersedeas bond given on an appeal from an order; therefore the condition of the bond to pay the judgment to be entered under the order is without consideration, and must be regarded as mere surplusage. If the bond was given to secure only the rights given by statute, the contention is correct. Johnson v. Dun, 75 Minn. 533, 78 N. W. 98; Proprietors v. Mussey, 48 Me. 307; Kountze v. Omaha Hotel Co. 107 U. S. 378. But plaintiff claims that the bond was given pursuant to a voluntary agreement entered into between the obligor and obligee therein

to the effect that the latter should refrain from entering the judgment to which he was then entitled, the stay having expired, upon receiving such a bond as would have been required to stay proceedings had the judgment been entered. The weight of authority supports the proposition that where an appeal bond is not in the express terms of the statute, it may be valid as a common-law obligation voluntarily entered upon by the parties. Johnson v. Dun, supra; Slutter v. Kirkendall, 100 Pa. St. 307; Smith v. Fargo, 57 Cal. 157; Gardner v. Donnelly, 86 Cal. 367; Mix v. People, 86 Ill. 329; Meserve v. Clark, 115 Ill. 580; Coughran v. Sundback, 13 S. Dak. 115; Coughran v. Hollister, 15 S. Dak. 318.

In Pray v. Wasdell, 146 Mass. 324, the court says: "But it is unnecessary to decide whether the contract is valid under the statute, for if not, it is binding at common law. It was entered into voluntarily, it contains nothing in conflict with the statute, and it is not otherwise illegal. Obligors who sign such an instrument are bound by it."

Upon the issues made by the pleadings and the findings, defendant insists that the bond is statutory. There is no express finding to that effect. The complaint set out the bond and alleged that it was executed according to an agreement between the parties under which the obligee was to refrain from entering the judgment pending the appeal, and that he so did. The answer admitted that the bond was executed in the form and manner set out in the complaint, and further on specifically denied the paragraph in the complaint in which the allegations of the agreement were contained. On the trial the court received the evidence showing the agreement, but reserved ruling on the objection made thereto. The record shows that upon final consideration the objection was sustained. Manifestly this was prejudicial error unless the court regarded the admission of the answer as to the manner in which the bond was executed as including an admission of the agreement, in which case the bond would not be a statutory obligation. We are, however, precluded from predicating a reversal on the ruling, for no assignment of error is based thereon. But we feel justified in examining the record for

the purpose of determining the meaning of the findings and the prejudicial effect of the errors assigned.

It is clearly shown that the obligor in the bond did not cause it to be approved by the court commissioner, nor file it with the clerk. This was done by plaintiff's attorney after the bond was delivered to him. The findings apparently to the contrary are assailed and, we think, justly so, if any inference is to be drawn therefrom that the bond is statutory. Had the court not rejected the testimony showing the bond to be given pursuant to the voluntary agreement of the parties, it could be said, perhaps fairly, that the findings must be considered as inferentially determining that issue in favor of the defendant herein. But to draw such an inference now in the light of the record would seem to work an injustice upon plaintiff. The pleadings, trial and findings leave the issue in doubt as to whether the bond was intended as a statutory supersedeas, or as a voluntary agreement by and between the litigants, and as such, a good common-law bond. We therefore conclude that a new trial ought to be had. Had there been a definite finding that the bond was given solely pursuant to statute, the error in regard to the stipulation first above discussed could not have changed the result. But such not being the case, plaintiff is in a position to claim prejudicial error.

The point made that the bond is not a good common-law obligation, because it does not comply with the statute of frauds in that it fails to state the consideration or agreement, we do not consider of sufficient merit for discussion.

Respondent also claims that because the court sustained a demurrer to the original complaint which set out this bond in haec verba on the ground that no damages from the stay were alleged, and appellant acquiesced in such order by serving an amended complaint alleging such damages, therefore it is the law of the case that the bond is a statutory supersedeas bond on appeal from an order. We do not concur in this view. The service of an amended pleading takes the place of the former pleading and stops all further use thereof. Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166; Hanscom v. Herrick, 21 Minn. 9; Cook v. Kittson, 68 Minn. 474, 71 N. W. 670. Had the demurrer been overruled, the objection that the com-

plaint did not state a cause of action would still have been open to defendant at the trial.

Our conclusion is that the judgment should be reversed and a new trial granted. So ordered.

PHILIP E. BROWN, J., took no part in the decision of this case.