## CATHERINE PETERS v. EQUITABLE SURETY COMPANY, Appellant.

Division Two, February 16, 1918.

1. **APPEAL: Affirmance by Agreement: Release of Surety.** Absent an agreement founded on good consideration and of such character as to be binding on both parties, made between appellant and respondent, to the effect that the judgment from which the appeal has been taken is to be affirmed, even though it contains a modification of the original liability, the surety on the appeal bond is not released upon the affirmance of the judgment.

2. ———: ———: ———: **Dismissal of Appeal.** An agreement made between counsel for appellant and respondent that an appeal would be dismissed when the agreed sum was paid by the surety on the appeal bond, and a dismissal by appellant's counsel, who assumed that the surety would pay, and dismissed the appeal before payment was made and without the knowledge of respondent's counsel, in no wise was a complete agreement for the affirmance of the judgment, and did not release the surety from paying the judgment, after the order of dismissal was set aside, the appeal reinstated, all the parties restored to *status quo* and the judgment affirmed.

3. ———: **Affirmance: Without Notice to Surety.** When a surety signs an appeal bond he submits himself to the management of the case by appellant in the proper appellate court, and at no stage of the proceeding is there any obligation on respondent to serve him with notice of any contemplated action; and he cannot complain that the judgment was affirmed without his knowledge or consent, even though the appellant neglected or refused to prosecute the appeal. If the appeal was dismissed, the order of dismissal set aside and the cause reinstated, without notice to him, and thereafter, because of the appellant's failure to prosecute his appeal with diligence or to file brief and make argument, the judgment was affirmed, the surety cannot complain, for he submitted himself to the management of the case by his principal, and was not entitled to additional notice.

4. ———: ———: ———: **General Liability of Surety.** A surety on an appeal bond submits himself to the acts of his principal, and to the judgment itself as a legal consequence of his suretyship. He is bound by the result in the usual course of procedure, whether that result be reached by an adverse ruling or his principal's default. By signing the appeal bond he voluntarily places himself in privity with his principal, and in the absence of fraud is con-

cluded by the judgment that follows, and is not injured by a lack of opportunity or notice to appear and defend against the affirmance of the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*Boyle & Priest, Thomas M. Pierce* and *Chauncey H. Clarke* for appellant.

(1) The court erred in refusing to give defendant's declaration of law in the nature of a demurrer to the evidence, both at the close of plaintiff's case and at the close of the whole case, for the reason that all the evidence showed that the railroad company failed to prosecute its appeal with due diligence, due to an agreement of compromise between the plaintiff and the railroad company, which agreement was a material variance from the original contract, thereby releasing defendant. Schuster v. Weiss, 114 Mo. 175; Bank v. United States, 164 U. S. 233, 238; Justice v. Surety Co., 209 Fed. 105; Barker v. Surety Co., 184 S. W. 378. (2) The court erred in refusing to give defendant's declaration of law No. 8, declaring that if the appeal was dismissed pursuant to an agreement between plaintiff and the railroad company, then plaintiff was not entitled to recovery from defendant, for the reason set out above. Cases supra.

*R. M. Nichols* for respondent.

(1) If it could be said that the offer to abate $250 of the accrued interest would vary the surety's contract in the *supersedeas* bond to pay the judgment of $5,000 (which we challenge), this understanding was with the surety. The testimony shows that the surety acquiesced in the proposition to have respondent throw off part of the interest on her judgment, objecting only as to the method of carrying it out, and beyond all controversy the surety company, on November 5, 1913, knew by respondent's letter that respondent would abate $250 of

the accrued interest and that the appeal had been dismissed, and that it was called upon to pay the judgment of $5,000 and half of the accrued interest. It, therefore, waived the defense which it is now attempting to make, not only by asking for an extension of time until the 10th of November in which to pay the judgment, but by its knowledge and acquiescence in the proposed settlement. Price v. Edwards, 11 Mo. 524; Lumber Co. v. Stoddard, 131 Mo. App. 15; Boppart v. Surety Co., 140 Mo. App. 675; Troll v. Realty Co., 186 Mo. App. 196; State v. McGonigal, 101 Mo. 353; Rule v. Anderson, 160 Mo. App. 347; Lumber Co. v. Surety Co., 124 Iowa, 617; Williams v. Surety Co., 37 Am. & Eng. Ann. Cas. 681; Johnson v. Paltzer, 100 Ill. App. 171; Bell v. Mahin, 69 Iowa, 48. (2) If it could be said that there was a dismissal of the appeal by agreement, that fact would not release the surety upon the *supersedeas* bond. Bailey v. Rosenthal, 56 Mo. 385; Howell v. Mill Co., 36 Neb. 80, 38 Am. St. 696; Bank v. Land Co., 119 Minn. 209; Chase v. Beraud, 29 Cal. 138; Share v. Hunt, 9 Serg. & R. 409; Drake v. Smythe, 44 Iowa, 410; Ammons v. Whitehead, 31 Miss. 99; Ingersol v. Seatoft, 102 Wis. 476; Willis v. Chowning, 90 Tex. 617, 59 Am. St. 842; Boynton v. Phillips, 52 Ill. 210; Jacksonville Co. v. Hooper, 85 Fed. 620, 170 U. S. 704; 2 R. C. L., p. 316, sec. 272. (3) The offer to throw off $250 from the accrued interest was a mere accommodation offer. It was without consideration and binding in law upon no one. This would not release the surety. Fidelity & G. Co. v. Boyd, 29 Ky. L. R. 598; Quillen v. Quigley, 14 Nev. 215; Jacksonville Co. v. Hooper, 29 C. C. A. 385, 85 Fed. 220; Drake v. Smythe, 44 Iowa, 410. (4) The surety upon the appeal bond was not a party to the suit so that respondent would be required to give it notice of the motion filed in the Court of Appeals on February 17, 1914. Notice was given to the appellant, the Frisco Railroad, and the surety was bound by whatever proceedings were had in the case. Bailey v. Rosenthal, 56 Mo. 385; Schwacker v. McLaughlin, 139 Mo. 341; Calhoun v. Gray, 150 Mo. App. 603;

Brick Co. v. Neumeister, 15 Mo. App. 591. (5) The record shows that the appeal was dismissed by appellant; that thereafter, and upon motion of respondent, the dismissal was set aside and a judgment of affirmance entered by the Court of Appeals ''for failure to duly prosecute said appeal.'' The Frisco Railroad and the Equitable Surety Company, as a party to the record, are bound by this judgment of affirmance, subsequently entered, against which no action was taken. A judgment against a principal is conclusive against the surety and is not subject to collateral attack. Brick Co. v. Neumister, 15 Mo. App. 592; McFall v. Dempsey, 43 Mo. App. 369; Calhoun v. Gray, 150 Mo. App. 59; American Club v. Horchitz, 168 Mo. App. 39; Butler v. Wadley, 15 Ind. 502; Supreme Council C. B. L. v. Boyle, 15 Ind. App. 342; Piercy v. Piercy, 56 N. C. 214; Ingersol v. Seatoff, 102 Wis. 472; Thixton v. Goff, 5 Ky. L. R. 764; Tracy v. Maloney, 105 Mass. 90; White v. Prigmore, 29 Ark. 208; Shannon v. Dodge, 18 Col. 164; Hathaway v. Davis, 33 Cal. 161; Keithsbury v. Henry, 90 Ill. 255; Seymour v. Smith, 114 N. Y. 481; Huidepoker v. Fidelity & D. Co., 180 Fed. 292; Murison v. Butler, 20 La. Ann. 512; Murdock v. Brooks, 38 Cal. 601. (6) Appellant was not released of its obligation by a dismissal of the appeal by the St. Louis Court of Appeals. By such dismissal its liability became fixed, and when that court set aside the judgment of dismissal and entered an order affirming the judgment, its liability again became fixed. It was at no time released, and therefore was not deprived of its property without due process of law. Trust Co. v. Corbin, 192 Mo. App. 153; Casualty Co. v. Mining Co., 192 Mo. App. 337.

WHITE, C.—The plaintiff recovered against the defendant as surety on an appeal bond, the judgment from which the defendant appeals.

On March 12, 1912, the plaintiff obtained judgment against the St. Louis & San Francisco Railroad Company for five thousand dollars. From this judgment the

Railroad Company appealed to the St. Louis Court of Appeals, and gave bond in the usual form in the sum of $10,200, with this defendant, Equitable Surety Company, as surety.

On November 4, 1913, during the next term of said Court of Appeals, the Railroad Company dismissed its appeal. The Railroad Company in the meantime had been ordered into the hands of receivers. After the appeal was dismissed the plaintiff brought suit against the Surety Company, defendant here, upon the appeal bond. While that suit was pending, the respondent ran across a recent decision of the Springfield Court of Appeals holding that the dismissal of an appeal was not a breach of the bond in such case and would not make the surety liable. The plaintiff then filed a motion in the St. Louis Court of Appeals asking that court to set aside the dismissal of the appeal and reinstate the case. This was done at the same term of the court, on January 20, 1914, and on February 17, 1914, at the same term, that court affirmed the judgment of the circuit court for failure to prosecute the appeal. The plaintiff then dismissed the pending suit on the appeal bond, and filed the present suit, alleging as a breach of the bond the affirmance of the judgment and the failure of the appellant Railroad Company to comply with and perform same.

The answer of the defendant in this case, in addition to a general denial, alleged that the defendant Railroad Company and the plaintiff, without the knowledge or consent of the surety, entered into a collusive agreement for a compromise judgment in the Court of Appeals, and that the appeal was dismissed by the plaintiff in pursuance of that agreement, whereby the surety was released from obligation on the bond.

The answer further alleged that after the appeal was dismissed in the Court of Appeals, as mentioned, the plaintiff caused the same to be reinstated and the judgment of the circuit court to be affirmed, without notice of any kind to defendant herein, and if the judgment were enforced defendant would be deprived of its prop-

erty without due process of law, and was in violation of Article 2, Section 30, of the Constitution of Missouri.

The judgment of the circuit court was for $10,200, the penalty of the bond, with an assessment of the plaintiff's damages at $5,000 and interest from the date of the judgment.

On the trial of the case records were introduced to show the proceedings as above stated, and that execution had been issued and no part of the judgment had been paid.

The defendant then attempted to show the agreement set up in the answer.

While the appeal was pending R. M. Nichols, attorney for plaintiff, and Mr. Lon Hocker, who represented the Railroad Company, had one or more conversations looking to a compromise of the case. Finally they agreed to settle the case for the face of the judgment and one-half the accrued interest and costs—the interest at that time amounting to $500—the amount to be paid to plaintiff in the settlement being $5,250. It appears from the testimony of both Mr. Nichols and Mr. Hocker that in pursuance of the arrangement the Surety Company was to be consulted and requested to pay the amount agreed upon. The conversation in which this agreement was reached, according to the testimony of Mr. Nichols, took place on the 4th of November, 1913, and immediately, on the same day, Mr. Hocker dismissed the appeal in the Court of Appeals.

The next day Mr. Nichols addressed a letter to the Surety Company relating the agreement and stating that Mr. Hocker had told him to write to the company and it would send him a check for the amount. After this letter was written Mr. Nichols had several telephone conversations with Mr. Geisinger, a clerk or bookkeeper in the office of the Surety Company, and with Mr. Maloney who, it appears, was the person in authority. Nothing came of the negotiations. Mr. Nichols for several days attempted to obtain an adjustment from the Surety Company, but without result, and then, on November 14th, ten days after the appeal was dismissed,

filed the first suit mentioned. After that he was inform-
ed by Mr. Maloney that inasmuch as suit had been
brought he would let the law take its course. The ap-
pellant, to prove an agreement in this connection, had
Mrs. Peters swear on cross-examination that she
"agreed" to accept $5,250 in settlement. But the only
agreement between the plaintiff and the defendant Rail-
road Company was as to the amount the plaintiff was
willing to take and the Railroad Company willing to
request its surety to pay. It was understood that the
Surety Company would have to be a party to the ar-
rangement before it was complete. Defendant intro-
duced as a witness Mr. Pierce, attorney for the Surety
Company, who testified that when the matter was sug-
gested to him by Mr. Hocker he objected and demanded
that the case be briefed and argued in the Court of Ap-
peals. In this statement he was corroborated by Mr.
Hocker who, nevertheless, had proceeded to make the
arrangement as mentioned. The motion which the plain-
tiff filed in the Court of Appeals, asking to have the
order of dismissal set aside, set forth the arrangement
between Mr. Nichols and Mr. Hocker as to the settle-
ment of the case, stating in detail the negotiations be-
tween them, with a copy of the letter mentioned to the
Surety Company; the failure of the surety to pay in
accordance with the arrangement; and that the dis-
missal of the appeal, if allowed to stand, would endanger
the plaintiff's security on the appeal bond; that the
plaintiff had relied upon the assurance of Mr. Hocker
that the Surety Company would pay immediately the
amount agreed upon. Appended to this motion was an
affidavit showing that it had been served on someone in
the office of Mr. Hocker. Mr. Hocker admitted the serv-
ice of this motion.

I. The first error assigned by the appellant is to
the refusal of the circuit court to give defendant's dec-
laration of law in the nature of a demurrer
to the evidence, because, it is claimed, all
the evidence showed that the Railroad Com-
pany failed to prosecute its appeal with diligence by

*Agreement for Affirmance.*

reason of the compromise agreement between the plaintiff and the Railroad Company, which agreement resulted in a material variance from the original undertaking of the defendant as surety.

The authorities are conflicting as to whether a compromise agreement between the appellant and respondent for an affirmance of the judgment appealed from will release the sureties on an appeal bond. Many jurisdictions hold that such an agreement does not release the surety. [First State Bank v. Stevens Land Co., 119 Minn. 209; Howell v. Alma Milling Co., 36 Neb. 80; Ammons v. Whitehead, 31 Miss. 99; Drake v. Smythe, 44 Iowa, 410.] These cases hold that a surety on an appeal bond is not released by an agreement between the appellant and respondent for an affirmance of a judgment, although the agreement involves a variation from the original undertaking, such as an agreement to stay execution for a limited time. And, in cases where it is held that a surety is released by an agreement between the appellant and the respondent to have the judgment affirmed, with a modification of the original liability, it is held necessary that the agreement should be founded upon a good consideration and be of such character as to be binding upon the parties. Absent these elements the surety is not in any case released. [U. S.. Fidelity Co. v. Boyd, 94 S. W. (Ky.) l. c. 37; Jacksonville, M. & P. Ry. & Nav. Co. v. Hooper, 85 Fed. 620; Quillen v. Quigley, 14 Nev. l. c. 217.] There is no view of the evidence in this case which could justify a conclusion that any agreement was completed. It was understood between the plaintiff and the appellant that the payment would have to be made by the Surety Company. Although they agreed upon the terms of a settlement, each one knew perfectly well that the agreement would result in nothing unless the Surety Company approved it and paid the amount agreed upon. The Surety Company perfectly understood this, because the letter of Mr. Nichols mentioned it and the subsequent telephone conversations explained the matter fully. The appeal was prematurely dismissed, according to the understanding between the parties;

it should not have been dismissed until the money was paid. It appears that Mr. Nichols, plaintiff's attorney, didn't know of the dismissal until he saw an account of it in the papers. There was no completed agreement binding upon anybody.

There is another entirely sufficient reason why this dismissal didn't prejudice the Surety Company and couldn't release it; that is, it was set aside and the cause reinstated and left to stand just as it was before any agreement was attempted. The complaint of the appellant is that by reason of this alleged agreement between the plaintiff and the Railroad Company the company failed to prosecute its appeal and allowed the case to be dismissed. If appellant was in danger of injury by reason of that action, the danger was removed when the dismissal was set aside and the case reinstated and all parties restored to *status quo*.

II. Appellant further assigns as error the refusal of the court to give declaration of law number eight, declaring that if the appeal was dismissed pursuant to an agreement between the plaintiff and the Railroad Company then the plaintiff was not entitled to recover from the defendant. What has been said settles that assignment. There was no evidence upon which to predicate such an instruction. As indicated above, the evidence shows that no binding agreement was entered into.

**Instruction.**

III. Appellant makes no specific assignment of error to the effect that the plaintiff should have been nonsuited because affirmance of the judgment was without notice to it and, therefore, was an attempt to deprive it of its property without due process of law, contrary to Article 2, Section 30, of the Constitution of Missouri. But inasmuch as the appellant argues the proposition in connection with the first assignment, that the demurrer to the evidence was *improperly overruled* for another reason, we will consider it.

**Notice.**

It is not claimed that the defendant here was misled by the proceeding in the Court of Appeals, nor that anything which the plaintiff did in that action was intended to have that effect, although it is stated in the answer that the application to have the order of dismissal set aside and the cause reinstated was without the knowledge or consent of the Surety Company, and that the affirmance of the judgment was likewise without its knowledge or consent. The Surety Company can have no cause for complaint in this connection unless the reinstatement and subsequent affirmance, without notice to it of this contemplated change in the situation, would be a violation of its rights under the Constitution.

Some facts appear here which should have put the Surety Company on its guard if that were necessary in order that it might protect itself. It had full knowledge that the alleged agreement or understanding between the plaintiff and the defendant Railroad Company could not be carried out without its participation; it knew the attempted contract could not be executed unless it performed that act which would make it a binding agreement; and it knew that the dismissal in pursuance of that abortive agreement, whether to its advantage or disadvantage, was without any consideration moving to either party.

Whatever may be said about a surety being bound by an agreement between the principal and a judgment plaintiff which varied the terms of the original obligation, the authorities seem to be uniform upon another proposition which settles this contention. A surety on an appeal bond "submits himself" to the acts of his principal, and to the judgment itself as a legal consequence within the undertaking of his suretyship. He is bound by the result in the usual course of procedure, whether that result be reached by an adverse ruling or his principal's default. [2 Black on Judgments (2 Ed.), section 587; Bailey v. Rosenthal, 56 Mo. 385; Drake v. Smythe, 44 Iowa, 410; Nolan v. Johns, 108 Mo. 431, 1. c. 437; Jones v. Mastin, 60 Mo. App. 578, 1. c. 583; Calhoun v. Gray, 150 Mo. App. 591, 1. c. 603.] Under these

authorities the surety in signing an appeal bond voluntarily places "himself in privity with the principal," and in the absence of fraud is concluded by any judgment following. He submits to the management of the case by his principal. He cannot question the merits of a judgment, nor allege that it would not have been rendered "but for the fault or negligence of the principal." [Drake v. Smythe, 44 Iowa, 410.]

The Surety Company in this case had no independent right to appear in the Court of Appeals and conduct that case, and is not injured by the lack of opportunity to appear there. When it signed the appeal bond it submitted itself to the management of the case by the St. Louis & San Francisco Railroad Company and there was no stage of the proceeding, from that time to the end of the case, where there was any obligation on the part of the plaintiff to serve the surety with notice of any contemplated action. The defendant Railroad Company was the only party with whom the plaintiff had to deal in the conduct of the case or upon whom it was obliged to serve notice. Notice of the motion to set aside the order of dismissal was duly served on the Railroad Company. The order was set aside and the case reinstated. It stood then, and was pending for nearly a month, in all respects as it had been in the first place, the defendant company having full knowledge of the situation. The surety then stood exactly as it stood in the first place, bound by the subsequent action of its principal. It had "submitted itself" to the control of its principal in the management of the case, and no additional notice was required to be served on it. Then if the Railroad Company afterwards failed to prosecute its appeal with diligence, and allowed the case to be affirmed without filing any brief or making any argument, that was one of the consequences included in the original undertaking of the surety. We are unable to find that the trial court erred in any particular complained of.

The judgment is affirmed.

*Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.