## SHIMER v. HIGHTSHUE.

If, in an appeal to the Circuit Court from a justice's judgment against two persons, the appellee, by consent of parties, take judgment against one of the appellants without the consent of the surety in the appeal-bond, the surety is discharged.

*Monday,*
*November 25.*

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—Debt. The declaration contains two counts. The first is on a joint and several bond executed by the defendant with *L. C. Lewis* and *W. T. Lewis.* The second count is also upon a joint and several bond executed by the defendant with *L. C. Lewis*, *W. T. Lewis*, and *G. W. Lewis.* The defendant craved *oyer* of the bonds declared on, and the conditions thereto, which was granted, and pleaded performance. The condition of the first-mentioned bond was, that if *L. C. Lewis*, *W. T. Lewis*, and *Lee Isaac*, should well and truly prosecute an appeal with effect, &c., which they had taken to the Circuit Court from a judgment rendered against them by *N. Bell*, a justice, &c., in favour of *Shimer*, and should pay the condemnation money in case judgment should be rendered against them, then said bond should be void, &c. The condition of the second bond was, that if *L. C. Lewis*, *W. T. Lewis*, and *G. W. Lewis*, should well and truly prosecute an appeal with effect, &c., (as in the condition of the first bond.) The plaintiff replied that the defendant had not performed, &c., because, &c., the suits mentioned in the conditions of the bonds set out in the defendant's plea, were, at the *May* term, 1841, of the *Marion* Circuit Court, consolidated, and by consent of parties, but without the knowledge or consent of *Hightshue*, a judgment was taken in favour of *Shimer* against *L. C. Lewis*, *W. T. Lewis*, and *G. W. Lewis*;

and that afterwards a *fi. fa.* was issued against the goods and chattels, &c., of said *Lewis* and others on said judgment, which was, in due time, returned *nulla bona*, &c. Demurrer to the replication, demurrer sustained, and judgment for the defendant.

This judgment must be reversed. We concur with the Circuit Court in the opinion that the arrangement between the plaintiff, *Shimer*, and the defendants in the appeal cases, by which a judgment was taken against the *Lewises*, and *Lee Isaac* discharged, operated as a discharge of the defendant, *Hightshue*, from the bond set out in the first count. It may be assimilated to a release of the principal debtor by the payee of a note or bond, which operates to discharge the surety from his liability. But *Isaac* had no connection with the bond named in the second count, and there was no contract between the creditor and the principal obligors that would enlarge the responsibilities of the surety on that bond. There is no reason, therefore, why *Hightshue* should claim exemption from it. We are of opinion that the replication, as to one of the debts sued for, was sufficient, and that the Court erred in sustaining the demurrer to it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiff.

*W. Quarles* and *J. H. Bradley*, for the defendant.