### MONTROSE v. LEVENSON et al.

#### (Supreme Court, Appellate Term. January 15, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—STAYING OF EXECUTION—BONDS.

Where the sureties on a bond given in the Municipal Court to stay execution are excepted to, but they fail to justify, and the bond is not approved, and justification is not waived, the sureties on the bond are discharged, under Municipal Court act (Laws 1902, p. 1580, c. 580) § 315, providing that a failure to justify and procure an allowance is the same as if the bond had not been given.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—STAYING OF EXECUTION—BONDS.

Sureties on a bond given in the Municipal Court to stay execution were excepted to, and they did not justify, and the bond was not approved. No formal withdrawal of the exception was filed; but plaintiff's attorney had a conversation on the subject with an attorney who was not of record in the case, and whose connection therewith was not shown. *Held*, that plaintiff did not waive justification, though an attorney of record may make a stipulation permitting the withdrawal of exceptions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

3. EXECUTION (§ 177*)—STAY OF EXECUTION—BONDS.

Where the failure of plaintiff to issue execution was voluntary, and the sureties in the bond to stay execution did not request it, the failure to issue execution did not create an obligation against the sureties, not bound on the bond because of their failure to justify.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 460; Dec. Dig. § 177.*]

Appeal from City Court of New York, Trial Term.

Action by George H. Montrose against Michael Levenson and another on a bond given in the Municipal Court. From a judgment for plaintiff, defendants appeal. Complaint dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Johnson & Johnson, for appellant Levenson.
Reiss & Reiss, for appellant Eisenberg.
Baggott & Ryall, for respondent.

GUY, J. The defense relied upon in this action is that, the sureties having been excepted to by the plaintiff and having failed to justify, and the bond not having been approved as required by section 315 of the Municipal Court act (Laws 1902, p. 1580, c. 580), the sureties thereon are discharged. Section 315 provides as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"A failure so to justify and procure an allowance is the same as if the undertaking had not been given."

Upon this point there can be no doubt as to the law. In construing the same language, the Court of Appeals in Manning v. Gould, 90 N. Y. 480, said:

"The meaning of this language is too obvious to admit of doubt. Failure of the sureties to an undertaking upon an appeal to justify, when excepted to, defeats entirely the object and purpose of the undertaking. Where security is required in order to perfect the appeal, the appeal from the judgment is not perfected, and the party having the judgment may proceed thereon as if no appeal had been taken. Where security is not required to perfect the appeal, but is required to stay the execution of the judgment, the judgment may be enforced pending the appeal as if no undertaking to stay the execution thereof had been given. So much is clear."

The plaintiff, in order to relieve himself from the effect of this section, raised the issue that the exception to the sureties had been withdrawn, and any rights under this section had been thereby waived. No formal withdrawal of the exception to the sureties was ever filed. The plaintiff relies entirely upon an alleged conversation which took place between plaintiff's attorney and one Steuer, who, it is claimed, was acting as counsel for the defendants. Steuer was not the attorney of record in the case, and his connection therewith is not clear, nor was he called to testify. While an attorney of record might have the power to make a stipulation permitting the withdrawal of exceptions, no such stipulation was made herein.

The sureties having failed to justify, and the bond not having been approved as required by the act, the alleged waiver is entirely insufficient to bind the sureties in this case. The failure of the plaintiff to issue execution was not upon the request of these defendants, nor could his voluntary act bind them, and put upon them an obligation not imposed by law.

Judgment reversed, and complaint dismissed, with costs. All concur.