WABASKA ELECTRIC COMPANY, APPELLEE, V. CITY OF BLUE SPRINGS, APPELLEE; UNITED STATES FIDELITY & GUARANTY COMPANY, APPELLANT.*

FILED JUNE 11, 1909.   No. 15,595.

1. **Judgment: VALIDITY: COLLATERAL ATTACK.** Where a court having jurisdiction of the subject matter of an action obtains jurisdiction of the parties by due service of process, or upon appeal, and after issue joined renders judgment upon an agreement made in court, the insufficiency of such agreement, or the want of authority of the attorneys making the same, will, at most, make the judgment erroneous, but not void and subject to collateral attack.

2. **Appeal: APPEAL BOND: LIABILITY OF SURETY.** The liability of a surety upon an appeal bond is not enlarged because the appellate court adds to the amount of the judgment below interest at the legal rate from the date of its entry.

* Judgment vacated in so far as it reverses the judgment of the district court against the city of Blue Springs.

3. ————: ————: DISCHARGE OF SURETY. An agreement between the parties to an appeal pending in the district court, without the knowledge or consent of the surety on the appeal bond, to the effect that judgment be entered against the appellant for a specified sum, with costs, based upon valuable considerations moving to each of the parties outside of the matters involved in the appeal, operates as a release of the surety on the appeal bond.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Hazlett & Jack,* for appellant.

*E. N. Kauffman, L. W. Colby* and *E. O. Kretsinger,* contra.

BARNES, J.

This was an action upon two certain appeal undertakings executed by the city of Blue Springs, as principal, and the defendant the United States Fidelity & Guaranty Company, as surety, to perfect appeals to the district court from judgments rendered in the county court in favor of the plaintiff and against the above named city. There was a judgment for the plaintiff, and the defendant the United States Fidelity & Guaranty Company has appealed.

1. It appears that, after the appeals from the aforesaid judgments were perfected and issues therein joined in the district court, judgments were by the consent of the parties rendered against the city in each case in an amount which equalled the sum of the judgment in the county court and interest thereon computed at the rate of 7 per cent. per annum. The defendant the United States Fidelity & Guaranty Company in its arguments treats the stipulations as a confession of judgment, and argues that neither the city attorney nor the mayor and council of the defendant city had any power to confess judgment against the city, and that the judgments are therefore void. It may be conceded that, if we use the term confession of judgment in its ordinary and proper

sense of a voluntary submission to the jurisdiction of the court, giving by consent, and without service of process, what might otherwise be obtained by summons, complaint and other formal proceedings (2 Words and Phrases, p. 1420), the city attorney would have no authority to confess a judgment, and that a judgment rendered upon such confession would be void and might be collaterally attacked. Where, however, action is commenced by process duly served, or where, as in the case under consideration, the action is duly brought by appeal from a court so obtaining jurisdiction, and judgment is afterwards entered by consent, the jurisdiction does not depend upon such consent, and the judgment is not in any proper sense a judgment by confession. After a court having jurisdiction of the subject matter of the action acquires jurisdiction of the parties by service of process, no irregularity in entering judgment deprives it of jurisdiction so as to make its judgment void. As the court had power to render judgment upon a proper stipulation, or upon sufficient evidence, it follows that, if judgment is rendered upon an insufficient stipulation or upon insufficient evidence—the result is the same in each case—the judgment is erroneous, but not void. Still further, the court has power to render a judgment upon the pleadings in a proper case. If it exercises this power mistakenly or improvidently, the judgment is not void, but erroneous; and it logically follows that, if the court renders judgment without either consent or evidence, such judgment is not void, however erroneous it may be. *George v. Dill,* 83 Neb. 825; *Clark v. Superior Court,* 55 Cal. 199; *Ex parte Bennett,* 44 Cal. 84; *Garner v. State,* 28 Kan. 790; Van Fleet, Collateral Attack, secs. 696, 697.

2. The appealing defendant contends that its liability as surety was enlarged by the rendition of these judgments. The amount of each judgment, as we have seen, equalled the sum of the judgment below and interest thereon at the rate of 7 per cent. per annum. It follows that no greater liability is imposed upon the surety than

was involved in the contingency that the district court might arrive at the same decision as the county court, and this the surety was bound to contemplate.

3. In one of the stipulations it was provided that the judgment to which consent was given should be in full payment of electric light service up to the 1st day of December, 1903, which was a date later than that included in either suit. This presents the question whether the fact that the plaintiff in a judgment brought by the defendant from the county court to the district court upon appeal, by surrendering his right to recover on another claim, induces the defendant to consent to a judgment for the amount recovered below, thereby releases the surety. It appears that, while the cases were pending in the district court, the plaintiff and the defendant city entered into the stipulation above mentioned, by which the city consented that judgment be entered in that court the same as in the court below, with interest added, for a valuable consideration, viz., the relinquishment by the plaintiff of a claim for 21 months' electric light service to the city. If plaintiff was willing to yield so large a claim, it seems reasonable that it must have been on account of some inherent weakness in its cases then pending before the district court. For the purpose of getting the judgments affirmed in that court, the plaintiff waived its aforesaid claim and consented to surrender its franchise. So far as the surety was concerned, the effect of that agreement was to credit the city with the value of that claim upon the judgments which it had appealed from the county court. After that was done, the city might well have consented that plaintiff's judgments should be affirmed.

A similar case was before the supreme court of Alabama, *Johnson v. Flint,* 34 Ala. 673. In that case the stipulation was as follows: "It is agreed in this case that judgment be affirmed on the following terms: Four hundred dollars shall be deducted from the verdict, and the judgment shall be affirmed for $2,332.19, with interest

thereon from the time of its rendition, that is, the rendition of the verdict; no other damages, however, to be allowed. It is further agreed that the saw and grist mill, boilers, machinery, etc., be the property of Kirk, the defendant, and that Flint will deliver them to him, when called for, at the mills where they are, the affirmance to be at the cost of Kirk; and if the mills should be burned up, after this time, without the default of Flint, the loss shall be Kirk's." Upon these facts the court said: "The appellants were the sureties of Kirk on an appeal bond, the condition of which was that Kirk shall 'prosecute to effect his suit in the supreme court, and pay and satisfy such judgment as the supreme court shall render in the premises.' The obligation of the appellants was for the performance of certain acts by a third person. In reference to obligations of this description, it is a well-settled principle that, if the nonperformance of the stipulated acts was occasioned by the conduct of the creditor, or was the result of an agreement between him and the principal obligor, the sureties are discharged. This plain principle is conclusive of this case. The principal obligor was prevented from proceeding in the attempt to prosecute his suit to effect by the agreement entered into between him and the obligee, without the knowledge or consent of the sureties. By thus interfering, and becoming a party to an agreement binding Kirk not to prosecute his appeal, Flint must be held to have waived the obligations in his favor imposed on the sureties by the terms of their bond. The sureties guaranteed the performance by their principal of a particular contract, and engaged for nothing more. Without their consent, and by an agreement between the creditor and their principal in which mutual advantages are secured to each other, the contract into which the sureties entered has been varied. Now, nothing is more clear than that the surety will be discharged, at common law, in all cases where his responsibility is merely for the fulfilment by another of a contract which has been varied, without the consent of the surety, before

a breach has occurred. In such case, the new or substituted obligation is not that which the surety undertook should be performed; and the party who seeks to make him liable for the breach of the original agreement has, by his own act, prevented, or at least waived, its performance, by binding the principal obligor to do something else in place of that for which the surety stipulated. 2 Am. Lead. Cas. 284; *Watriss v. Pierce,* 32 N. H. 560; *Woodcock v. Oxford & W. R. Co.,* 21 Eng. L. & Eq. 285; *Sasscer v. Young,* 6 G. & J. (Md.) 243; *Mackey & McDonald v. Dodge & McKay,* 5 Ala. (n. s.) 388."

It would seem that this case should be ruled by the decision just quoted. In the present case, before any breach had taken place in the condition of the bonds, the creditor and the principal debtor, without the consent of the sureties of the latter, entered into a new agreement, founded upon a sufficient consideration, for the mutual advantage of each other, by which they stipulated that the act for which the sureties had become bound, viz., the prosecution of the appeals in the district court to effect and without delay, should not be performed. No matter how numerous the errors disclosed by the record in those cases, this new agreement effectually prevented their correction by the district court. We are therefore of opinion that by the conduct of the parties the surety was released from any liability on the appeal bonds in question.

4. It is strenuously insisted that, until it be shown that the city has failed and refused to levy each year the amount authorized by law for the payment of the judgments in question, there is no breach of the conditions of the appeal bonds sued on in this action. It is unnecessary for us to determine this question, as the judgment of the district court must be reversed for the reason above stated.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.