(161 App. Div. 494)

## MONTROSE v. BAGGOTT et al.

(Supreme Court, Appellate Division, Second Department. March 13, 1914.)

1. JUDGMENT (§ 707*)—RES JUDICATA—NEGLIGENCE OF ATTORNEYS.
    In an action against attorneys for negligence in that sureties on an appeal bond were held discharged for failure to justify, after exceptions were filed to the sureties, the judgment in the action which determined the nonliability of the sureties was not res judicata in the action for negligence, as persons neither parties nor privies are not bound by a judgment.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

2. COURTS (§ 89*)—STARE DECISIS.
    The rule of stare decisis is controlling when the court of last resort has laid down a principle of law applicable to a certain state of facts, or an intermediate court has made such a decision in harmony with established law or not at variance with the established authority.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 311, 312; Dec. Dig. § 89.*]

3. ATTORNEY AND CLIENT (§ 106*)—LIABILITY FOR NEGLIGENCE.
    Where attorneys are sued for negligence, in that they permitted sureties on an appeal bond to become discharged by failure to justify, after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taking exceptions to them, their liability is to be determined by the settled law at the time of the acts which are asserted to be negligent.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 217, 219; Dec. Dig. § 106.*]

4. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—BONDS—LIABILITY OF SURETIES—EXCEPTIONS.

On an appeal from the Municipal Court if an undertaking be given to stay execution, the sureties are bound if no exception to the sufficiency of the sureties is taken, and if exceptions are taken and the sureties justify they are bound, but if exceptions are taken and there is no justification the sureties are discharged.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

5. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—BONDS—LIABILITY OF SURETIES—WITHDRAWAL OF EXCEPTIONS.

If, on appeal from a Municipal Court, exceptions to sureties on the appeal bond are withdrawn by written or oral stipulation before the time for justification fixed either by original notice or by stipulation for adjournment thereof expires, the undertaking stands as though no exception to the sureties had been taken.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

6. ATTORNEY AND CLIENT (§ 77*)—AUTHORITY OF COUNSEL—STIPULATIONS.

Counsel in charge of a proceeding in an action has authority of the attorney appearing for the same party to make any stipulation or do any other act in relation to the procedure which, in his judgment, would benefit the cause of his client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 88–90, 132, 136, 148, 149; Dec. Dig. § 77.*]

7. ATTORNEY AND CLIENT (§ 129*)—NEGLIGENCE—QUESTIONS FOR JURY.

In an action against attorneys for negligence in permitting sureties on appeal bonds to be discharged by failure to justify, evidence *held* sufficient to take to the jury the question of the making of an oral stipulation between the parties to the suit withdrawing the exceptions to the sureties.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 284–291; Dec. Dig. § 129.*]

8. ATTORNEY AND CLIENT (§ 112*)—NEGLIGENCE—DISCHARGE OF SURETIES.

Since a stipulation by counsel for a defendant to withdraw exceptions to sureties on an appeal bond is sufficient to hold the sureties though the sureties do not justify, attorneys for plaintiff are not liable for negligence for the reason that, in an action on the bonds, the court held the sureties discharged because of their failure to justify.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 224–227; Dec. Dig. § 112.*]

9. APPEAL AND ERROR (§ 1227*)—ATTORNEY AND CLIENT (§ 112*)—NEGLIGENCE—STIPULATION FOR FUTURE JUDGMENT—DISCHARGE OF SURETIES.

Sureties on an appeal bond conditioned to pay whatever judgment should be entered against their principal are not discharged by a stipulation between the parties that judgment should not be entered until a time in the future, and the attorneys for plaintiff are not liable to him because in an action on such bond the court determined that the sureties were discharged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4736–4748; Dec. Dig. § 1227;* Attorney and Client, Cent. Dig. §§ 224–227; Dec. Dig. § 112.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by George H. Montrose against Vallandigham B. Baggott and George Ryall, copartners. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Samuel Fleischman, of New York City, for appellants.

Meier Steinbrink, of Brooklyn (William H. Griffin, of New York City, on the brief), for respondent.

STAPLETON, J. Plaintiff was a client of the defendants, who were lawyers. By the judgment from which the appeal is taken he has recovered damages against them. The cause of action alleged was negligence of the lawyers in the discharge of professional employment, causing pecuniary injury to the client. If the cause of action was proved, it is certain liability follows. Byrnes v. Palmer, 18 App. Div. 1, 45 N. Y. Supp. 479, affirmed 160 N. Y. 699, 55 N. E. 1093. The facts from which the jury were permitted to find negligence are:

In May, 1906, the plaintiff, a manufacturer of cloaks and suits, being unable to collect a claim of between $1,300 and $1,400 against one Solomon Rothschild, gave it for collection to the defendants, a firm of lawyers, having large and long experience in commercial practice and litigation, and who had been his attorneys. Unable to collect by the dunning process, the defendant split the claim and brought two actions, one in the Municipal Court for goods sold and delivered, for $432, evidently to obtain quick judgment, and one in the City Court of the City of New York for work, labor, and services, for $898.20 and interest from March 24, 1896. Summonses were served at the same time in both actions. Rothschild appeared by an attorney, Meyer J. Stein, who, however, disappeared shortly after the litigation was started. He obtained an order to show cause why both suits should not be consolidated and tried in the City Court. On the application of plaintiff's attorneys, the order was vacated ex parte. The defendant Rothschild being in default in the City Court, plaintiff's attorneys entered judgment. The judgment was vacated and the order to show cause reinstated on ex parte motion. The motion to consolidate was argued and denied. In the Municipal Court action a verified answer was filed. The defendant Rothschild appeared by Wales F. Severance as counsel. He applied for a long adjournment—to August—on account of the absence of the plaintiff, who had gone to Europe on May 19th, five days after the actions were started, claiming that plaintiff was a material witness for Rothschild. The application was denied and the case set down for trial for a particular day. On that day Mr. Severance moved on affidavit for adjournment. Defendant Ryall prepared three affidavits in opposition. The motion was denied and plaintiff took an inquest; the judgment, including costs, amounting to $457.31. The defendants subsequently moved to open the default, which was denied. From the judgment and order the defendants took appeals. An undertaking on the appeal was given, with Michael Levinson and Nettie Eisenberg as sureties. Plaintiff's attorneys served

notice of exception to the sureties. Mr. Max D. Steuer, an attorney, came into the case as counsel for Mr. Rothschild and took entire charge of it, immediately after the entry of judgment, having been retained by Mr. Rothschild. Justification of the sureties was adjourned from time to time by stipulation, on Mr. Steuer's application, to July 20, 1906. There were several interviews at Mr. Steuer's office as to a proposed settlement; Mr. Rothschild being present. Defendant Ryall then went to Mr. Steuer and expressed his dissatisfaction at the delay in justifying. Mr. Steuer assured him of the perfect solvency of at least one of the sureties, and Mr. Ryall thereupon told Mr. Steuer that he withdrew the exception to the sureties.

An involuntary petition in bankruptcy was filed against Rothschild on August 1, 1906, and he was adjudged bankrupt August 30, 1906. The appeals from the Municipal Court judgment and order were dismissed November 9, 1906, in the Appellate Term, after plaintiff's attorneys had a stay granted in the United States court vacated, and execution was thereupon issued.

The City Court action was commenced about May 12, 1906. The defendants procured an order to show cause to consolidate that and the Municipal Court action, with a stay of proceedings of both actions. That order was vacated and judgment entered on defendants' default. The motion to consolidate was heard and denied. The judgment by default was opened by order. A verified answer was interposed. Defendant Rothschild demanded a bill of particulars, which was furnished. This was followed by an amended answer. Plaintiff's attorneys served notice of trial and filed a note of issue for the earliest possible date, the first Monday in June, and also moved to place the case on the short cause calendar, which was opposed by Mr. Steuer for the defendant Rothschild. The motion was granted. It appeared on the day calendar on June 13th. The defendant Rothschild applied for adjournment on account of Mr. Steuer's engagement, and the application was opposed and denied. Plaintiff took an inquest. A motion was made by Mr. Steuer, on an affidavit of merits made by defendant Rothschild, and on other affidavits, to open the inquest. The motion was granted and an order entered restoring the case to the calendar. The defendant Rothschild, in compliance with the order, gave an undertaking, with Michael Levenson and Leo Rosengarten as sureties, that the defendant Rothschild would pay any judgment that the plaintiff might recover, not exceeding $1,000. The sureties justified. The case appeared on the calendar on June 19th. A settlement having been practically agreed upon, it was marked settled; but, the arrangement not having been carried out by the defendant Rothschild, the plaintiff's attorneys had the case restored to the calendar for June 25th. It was the twelfth case on the calendar. It was marked ready in the morning, but, not being reached, was set down for 2 o'clock. Before that hour arrived, Mr. Steuer represented to Mr. Ryall that plaintiff had a good bond; that to attempt to force the case to trial as a short cause at that time, the last week in June, was folly; that he did not believe the plaintiff and defendant Rothschild ought to litigate; that he was satisfied that if plaintiff would waive the requirement of going to trial in

June he could get Mr. Rothschild to consent to let plaintiff take a judgment in October; that in that event plaintiff would be very much better off, because, if they went to trial and did not complete the trial within the time allotted for short causes, it would result in the case going over at least fifteen months, and it seemed to him that any cautious attorney would take the preference of being certain that he was getting a good judgment, with a bond that was perfectly good, rather than take the chance of being sent off to the general calendar, in which event it might be reached anywhere from 15 to 24 months later. He therefore accepted the proposed arrangement giving plaintiff judgment for the full amount with costs, to be entered October 1st, and exchanged stipulations carrying the arrangement into effect. Other circumstances contributed to his acquiescence: Mr. Steuer's statement that if forced to go to trial he would devote his efforts to prolonging the trial so as to have the case sent to the foot of the calendar; doubt as to whether the case could be reached, there being only two more days of the term; his belief that he had a perfectly good bond and was fully securing the plaintiff; his knowledge that there was a defense to the action; the circumstance that he had no client with whom he could confer, the plaintiff being in Europe and having been there throughout the litigation; and his reliance upon the plaintiff's instructions to do the best he could, given over the telephone the night before the plaintiff left for Europe.

Mr. Ryall had not heard from the plaintiff from the time the plaintiff left for Europe until after the arrangement in the City Court was completed. Then, learning that the plaintiff had returned on the previous Saturday evening, or some time thereafter, he went to plaintiff's office and explained to him everything that had taken place in both actions, and plaintiff expressed satisfaction with what Mr. Ryall had done. After that, during the progress of the Municipal Court action, he reported fully to the plaintiff. From the time he received the claim until he obtained judgment in the City Court, he gave almost half of his personal time to these actions, and during the two weeks preceding June 25th, his whole time.

After the dismissal of the appeals from the Municipal Court judgment and order, he brought suit in the City Court against the sureties on the Municipal Court undertaking. It was tried before Justice Conlan without a jury. Briefs were submitted. The judge held the matter under advisement for two or three weeks and then directed judgment for plaintiff against the sureties. An appeal was taken by the sureties and the judgment was reversed and the complaint dismissed on the merits (sic). Montrose v. Levenson, 130 App. Div. 904, 114 N. Y. Supp. 1136. Before suing on the undertaking, and throughout the litigation, Mr. Ryall reported fully to the plaintiff. Mr. Ryall moved at the Appellate Term and at the Appellate Division for leave to appeal to the Appellate Division. The motions were denied, as was also a motion for reargument at the Appellate Division. Judgment was entered on the stipulation in the City Court action in favor of plaintiff, Montrose, against Rothschild, for $1,058.97, October 3, 1906, and execution was issued on that day and returned unsatisfied. Mr. Ryall's

firm subsequently brought an action in the Supreme Court in behalf of plaintiff against the sureties to the bond in the City Court suit. Answers were interposed. Before suing, and throughout the litigation, Mr. Ryall reported fully to the plaintiff. This action was tried at Special Term. Briefs were submitted. The justice held the case under consideration for about six weeks and then directed a verdict in favor of the sureties, and judgment thereon was rendered December 19, 1908. An appeal was taken to the Appellate Division, where the judgment was affirmed without an opinion (132 App. Div. 928, 118 N. Y. Supp. 1125). The judgment of affirmance was filed July 8, 1909. It was stipulated that the sureties Levenson and Rosengarten were solvent during the years 1906 and 1907 and for some time thereafter, and of sufficient financial ability to pay their bonds.

The aggregate amount of plaintiff's claim and costs paid by him in the actions against the sureties was $2,452.39. The verdict was for $2,625.44.

Upon the facts presented, the foundation of the charge of negligence is that the defendants did not apply to the conduct of the litigation discussed, principles of law which are elementary or conclusively settled by authority; because for errors of judgment they are not liable; and no other dereliction of professional duty was proved. Byrnes v. Palmer, ut supra.

[1] The case at bar was tried and submitted to the jury upon the theory that the determinations against the plaintiff here, in the two suits brought by him to establish the liability of the sureties in the two undertakings to which we have adverted, were so far binding upon the defendants here that from that circumstance, standing alone, the jury could infer negligence on their part. We do not agree with the plaintiff that the defendants are bound under the doctrine of res adjudicata, and we do not understand that the court below gave effect to such a contention. Persons neither parties nor privies to an action—and these defendants bore neither relation to the other actions—are not estopped by a judgment. Moore v. City of Albany, 98 N. Y. 396, 410; Remington Paper Co. v. O'Dougherty, 81 N. Y. 474, 490.

[2, 3] The plaintiff's further contention is that under the rule of stare decisis the law as decided in the two former actions became the law of the case. This contention was adopted by the trial court in submitting the case to the jury. If the law was correctly applied in the former cases, no harm was done. The defendants here assert it was not. The rule of stare decisis is controlling when the court of last resort has laid down a principle of law applicable to a certain state of facts, or an intermediate court has made such a decision in harmony with established law or not at variance with conclusive authority. Matter of Laudy, 161 N. Y. 429, 435, 55 N. E. 914; Moore v. City of Albany, ut supra. At this point it is pertinent to say that the defendants here are to be judged by the settled law at the time of the acts or omissions which are asserted to be negligent. The dereliction charged is that they were negligent in not knowing the settled law, or, knowing it, were careless in not applying it. There is no other basis for the judgment against them. No proof of any other negligent or

wrongful act was adduced. What was the law? What did they do or omit?

[4, 5] We think the law is settled that upon appeal to the appellate tribunal from a judgment of the Municipal Court of the City of New York, if an undertaking be given to stay execution upon the judgment, the sureties are bound if no exception to the sufficiency of the sureties is taken. If exception be taken and the sureties justify, they are also bound. If exception be taken and there be no justification of the sureties, they are thereby discharged from liability. Manning v. Gould, 90 N. Y. 476; Zwecker v. Levine, 135 App. Div. 432, 433, 120 N. Y. Supp. 425; sections 314, 315, Municipal Court Act of New York City (chapter 580, Laws of 1902), compared with sections 1335, 1352, Code of Civil Procedure. If the exceptions taken be withdrawn by written or oral stipulation before the time for justification, fixed either by original notice or by stipulation for adjournment thereof, expired, the undertaking stands as though no exceptions to the sureties, requiring them to justify, had been taken. Goodwin v. Bunzl, 50 N. Y. Super. Ct. 441, affirmed 102 N. Y. 224, 6 N. E. 399; Zwecker v. Levine, ut supra.

[6] It is clear therefore that if the defendants had entered into a stipulation, oral or written, with the appellant Rothschild or his attorney, upon whom it was required by law that the notice of exception to the sufficiency of the sureties be served withdrawing the notice (section 315, Municipal Court Act of New York City), the sureties would not have been discharged. Now could an oral agreement, entered into between them and the counsel representing the defendant Rothschild, have any different effect? We are of the opinion that counsel in charge of a proceeding in an action has the authority of the attorney appearing for the same party to make any stipulation or do any other act in relation to procedure which in his judgment would benefit the cause of his client. We have been referred to no authority, nor have we found any, which would incline us to relinquish that opinion.

[7, 8] The defendant Ryall and the witness Steuer gave testimony which would have authorized the jury to find that an oral stipulation had been made between Mr. Ryall and Mr. Steuer as counsel for defendant Rothschild, withdrawing the exception to the sufficiency of the sureties while the proceeding for justification was pending. The court was requested to charge as follows:

"That if the notice of exception to the sureties on the Municipal Court undertaking was withdrawn on oral stipulation, the sureties were not discharged, though they did not justify, and the defendants are not liable for the loss of the claim sued upon in said court." ·

The court declined the request and exception was taken. The court charged the jury that the oral stipulation referred to was not efficient to hold the sureties, and exception was taken. These exceptions present reversible errors.

[9] The plaintiff recovered in this action the amount of the City Court judgment and the costs adjudged against him in an action brought by him to recover the amount of that judgment against the sureties on an undertaking given as a condition of vacating a default

judgment taken by the plaintiff in the action in the City Court. The undertaking read as follows:

"An inquest having been taken herein on behalf of the plaintiff upon the defendant's default, and an application having been made on behalf of the defendant to open his default and vacate the inquest, and such application having been granted on condition that the defendant herein execute an undertaking in the sum of one thousand ($1,000) dollars for the payment of any judgment herein:

"Now, therefore, we, Michael Levenson, residing at 139 East Seventy-Second street, New York City, and Leo Rosengarten, residing at 71 East Ninety-Sixth street, New York City, do hereby jointly and severally undertake and agree that the defendant herein will pay the amount of any judgment which the plaintiff may recover in this action not exceeding the sum of one thousand ($1,000) dollars.

"Dated, New York, June 14th, 1906.

"Michael Levenson   [L. S.]
"Leo Rosengarten   [L. S.]"

The theory of the recovery of the last-named amount was that the defendants were negligent in disregarding legal principles conclusively established by authority, in entering into the following stipulations in contemplation of all the facts recited at the opening of this opinion:

"It is hereby stipulated as follows: That the plaintiff may have judgment against the defendant for the full amount claimed in the complaint herein, together with interest. That the plaintiff may tax a full bill of costs, including two trial fees. That the defendant hereby withdraws the appeal heretofore taken from the order of Mr. Justice Green, entered in the office of the clerk of this court on the 25th day of May, 1906, and consents that the plaintiff may tax costs as if the order had been affirmed by the Appellate Term of the Supreme Court after argument.

"Dated, this 25th day of June, 1906.

"Baggott & Ryall, Plaintiff's Attorneys.

"Steuer & Hoffman, Defendant's Attorneys."

"In consideration of the consent of the entry of judgment herein, and the taxation of certain costs, it is hereby stipulated and agreed on the part of the plaintiff that judgment shall not be entered in this action before the 1st day of October, 1906.

"Dated, this 25th day of June, 1906.

"Baggott & Ryall, Plaintiff's Attorneys."

The plaintiff here was defeated in his action to enforce the obligation of the sureties in the above undertaking. Montrose v. Levenson & Rosengarten, 130 App. Div. 904, 114 N. Y. Supp. 1136, affirmed without opinion 132 App. Div. 928, 118 N. Y. Supp. 1125 (First Department). The plaintiff advances the same argument in support of the binding effect of this adjudication on this branch of the case as he did in regard to the other branch. There is no need to repeat our views. We cannot hold that there was any elementary principle of law, or one established by conclusive authority, upon which the sureties upon the undertaking quoted should have been exonerated from liability. That undertaking was not to pay the plaintiff's claim; it was to "pay the amount of any judgment which the plaintiff may recover in this action not exceeding the sum of one thousand ($1,000) dollars." The rule which liberates a surety from his obligation and the reason for it are well settled. It has been recently restated in National Park Bank v. Koehler, 204 N. Y. 174, 179, 97 N. E. 468, 470:

"It is a rule, long recognized, that an accommodation indorser, or surety, is entitled to have the engagement of the principal debtor preserved, without variation in its terms, and that his assent to any change therein is essential to the continuance of his obligation. The reason of the rule is that his right must not be affected, upon the maturity of the indebtedness, to make payment and, by subrogation to the creditor's place, to, at once, proceed against the principal debtor to enforce repayment. Therefore it is that any agreement of the creditor, which operates to extend the time of payment of the original debt and suspends the right to immediate action, is held to discharge the nonassenting indorser, or surety; as the law will presume injury to him thereby. The creditor may arrange with his debtor in any way, which does not result in effecting either of these results."

The undertaking we are considering was not to pay the claim in suit, but the judgment that might be recovered. The sureties' obligation did not arise until the judgment was recovered. The indebtedness for which they were sureties had not matured. A judgment might never have been recovered. Until its recovery the sureties would be in no position to pursue the principal debtor. They could not control the creditor's litigation. He could conduct it in accord with his best judgment to accomplish his own purposes. The rule of exoneration did not apply because the reason for it did not exist.

The learned trial court was requested to charge:

"That, if the defendants, in good faith and in the exercise of reasonable judgment, were in doubt as to whether they could, by forcing or attempting to force the City Court case to trial, obtain judgment in June, they were not negligent in consenting to accept a stipulation for judgment and agreeing in consideration thereof, to postpone the entry of judgment to October 1st."

It declined so to charge and exception was taken. The court had charged that the giving of the stipulation had discharged the sureties, to which charge an exception was taken. These exceptions present reversible error.

There is no evidence that the defendants were negligent in their employment in the City Court action.

The defendants were entitled to have submitted to the jury the question whether an oral stipulation withdrawing the exceptions to the sufficiency of the sureties in the Municipal Court action was made between Ryall and Steuer, and, if the jury found it was, the defendants were entitled to a charge that no negligence could be found against them on that branch of the case.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.