**C. J. GERLACH & BRO., Inc., v. DU BOSE et al.** (No. 434.)

(Court of Civil Appeals of Texas. Beaumont. March 18, 1919.)

**1. JUDGMENT ⬅️486(1)—COLLATERAL ATTACK —ERRONEOUS JUDGMENT AGAINST SURETIES —VALIDITY.**

If judgment, entered in county court on defendant's appeal from justice court, against defendant and sureties on his appeal bond, was erroneous as to the sureties because of its form, or its entry, or because obtained by agreement from the defendant without sureties' knowledge or consent, it was not therefore void, but at most only voidable.

**2. JUSTICES OF THE PEACE ⬅️191(4)—APPEAL —JUDGMENT—SURETIES ON APPEAL BOND.**

On defendant's appeal from justice court to county court, judgment being rendered against defendant, as a matter of law it followed against the sureties on his appeal bond.

**3. JUDGMENT ⬅️865—REVIVAL—PARTIES LIABLE.**

On showing that judgment obtained by him against a defendant and sureties on defendant's bond on appeal from a justice court was on its face valid, and at most only voidable for errors, plaintiff was entitled to an order reviving his judgment against all defendants in the original judgment as the same appeared of record.

**4. JUDGMENT ⬅️481—ORAL COMPROMISE.**

A judgment rendered in pursuance of a parol agreement of compromise is not void, and can be attacked only by a direct proceeding.

**5. JUSTICES OF THE PEACE ⬅️191(2)—BOND ON APPEAL—LIABILITY OF SURETIES.**

Sureties on a bond given on appeal from justice court to county court are not relieved from liability by the fact that the appealing principal and his adversary agree upon a judgment against the principal with stay of execution, and that such agreement is made without the knowledge or consent of the sureties; the sureties' obligation being presumably assumed with a view to control by the principal of the litigation on the appeal.

Appeal from Polk County Court; B. F. Bean, Judge.

Action by C. J. Gerlach & Bro., Incorporated, against J. P. Du Bose and others. From judgment granting only partial relief, plaintiff appeals. Reversed and remanded.

McKinnon & Campbell, of Livingston, for appellant.

Feagin, German & Feagin, S. F. Hill, and Cade Bethea, all of Livingston, for appellees.

WALKER, J. This action was begun by appellant suing out a writ of scire facias, without petition, on the 16th day of April, 1917, in the cause of C. J. Gerlach & Bro., Incorporated, v. W. C. Mullin et al. on the docket of the county court of Polk county, to revive a judgment against all the defendants. The original suit was begun in justice court, precinct No. 4, by appellant against W. C. Mullin, and in this suit in the justice court appellant recovered judgment for the amount of his debt. W. C. Mullin appealed to the county court, and appellees, J. P. Du Bose, T. M. Sawyer, S. F. Hill, and H. A. Still were the sureties on his appeal bond. In this proceeding to revive the judgment, the sureties answered, alleging that the judgment was void on its face as being without a verdict and finding of the court to support it, and because, while the case was pending trial in the county court, appellant had agreed with W. C. Mullin to take judgment against him and release the sureties; if mistaken in this, then they further pleaded that he had agreed with W. C. Mullin to take judgment against him in April and stay execution until fall of that year; that this agreement was made without the knowledge

or consent of the sureties; and that the legal effect of this agreement was to release the sureties. Appellant denied making the agreement.

This cause was tried before the court without a jury, he filing the following findings of fact and conclusions of law:

"In this cause which was tried before the court on the 3d day of August, A. D. 1918, upon the request of attorney for plaintiff, the court files the following as his findings of fact and conclusions of law.

"I find that on April 16, 1917, there was written into the minutes of the county court of Polk county a judgment, purporting to be a judgment of this court, as follows:

" 'C. J. Gerlach & Bro., Inc., v. W. C. Mullin.
No. 124.

" 'April 16, A. D. 1917.

" 'On this day this cause came on for trial, and both parties appeared by counsel and announced ready for trial. A jury having been waived, the questions of fact as well as of law were submitted to the court, who after hearing the pleadings, proof, and argument is of the opinion that the plaintiff, C. J. Gerlach & Bro., Incorporated, should recover of the defendant W. C. Mullin the sum of $162.66. And it further appearing to the court that the defendant W. C. Mullin on the 26th day of June 1916, executed and filed in this cause in justice court, precinct No. 4, Polk county, Tex., an appeal bond in the sum of $325.32, conditioned as required by law, with W. C. Mullin as principal and S. F. Hill, J. P. Du Bose, T. M. Sawyer, and H. A. Still as sureties.

" 'It is therefore ordered, adjudged, and decreed by the court that the plaintiff, C. J. Gerlach & Bro., Incorporated, do have and recover of and from the defendant, W. C. Mullin and S. F. Hill, J. P. Du Bose, T. M. Sawyer, and H. A. Still as sureties on said appeal bond the sum of $162.66, together with interest at the rate of 6 per cent. from date hereof and all cost in this behalf expended, for which execution may issue.

" '——————, Trial Judge.'

"I find upon the docket of the court the following notation: 'April 16, 1916. On this day this cause was called for trial; both parties announced ready. Judgment rendered by the court in favor of plaintiff, C. J. Gerlach & Bro., Incorporated, against W. C. Mullin for the sum of $162.66 and cost.'

"I find that the only judgment that could have been properly entered in this case was an agreed judgment, based upon the terms of an agreement made between the defendant, W. C. Mullin, and L. F. Gerlach, president of C. J. Gerlach & Bro., Incorpoated.

"The form of judgment set out above was never submitted to me for approval, and as appears above was not signed by me as trial judge. The minutes of the April term, 1917, were signed by me, but I made no particular examination of any special judgment or decree.

"I further find that the judgment which was written into the minutes was never submitted to the attorneys for defendant Mullin, nor any of the bondsmen, and that the attorneys for defendant and the bondsmen knew nothing about the contents of this judgment until a short time before the scire facias was filed.

"I find that during the April term, 1917, of the county court of Polk county, this cause was being considered by attorneys for trial; that defendant W. C. Mullin went to the office of L. F. Gerlach, and they entered into an agreement to settle the cause, by the terms of which Gerlach was to allow Mullin until fall to pay the debt and Mullin was to waive such matters of defense as he might have. Nothing was said in the course of this agreement to indicate that the bondsmen were to be held liable, and defendant Mullin understood that plaintiff was looking to him solely for the debt. He says positively that the settlement was made solely for himself, and would not have been made if he had known the bondsmen were to be held liable.

"I find that the defendant Mullin reported to his attorneys, C. Bethea and S. F. Hill, that he and Gerlach had settled the case, and that they consented to the same with the understanding that Mullin alone was to pay the debt. I find that neither Bethea nor Hill, who was one of the bondsmen, ever intended to agree to a judgment binding the bondsmen, and that if they had understood that the bondsmen were to be held liable, they would not have consented to an agreed judgment.

"I further find that the judgment intended to be entered was a compromise judgment by which Mullin was to waive any matter of defense which he might have, in consideration on the part of plaintiff that he was to be allowed further time in which to pay the debt.

"I find that no execution has ever been issued on the judgment against the defendant Mullin or any one of the sureties.

### "Conclusions of Law.

"I conclude that the judgment written into the minutes of the court is void as to the sureties S. F. Hill, J. P. Du Bose, T. M. Sawyer, and H. A. Still, because there was no agreement ever made by which these parties were to be bound.

"I conclude that this was an agreed judgment, and that, the agreement being intended to bind only the defendant W. C. Mullin, a judgment against W. C. Mullin does not by operation of law entitle plaintiff to a judgment against sureties on the appeal bond.

"I further find that the purported judgment dated April 16, 1917, is void as against S. F. Hill, J. P. Du Bose, T. M. Sawyer, and H. A. Still as sureties, for the reason that no formal judgment against them was ever given by the court, no entry on the docket was ever made by the court or under its instructions against them, and the judgment which was sought to be entered against them was obtained without their knowledge or consent and in no manner is binding on them.

"The defendant Mullin consented to the revival of the judgment, and I conclude to revive the judgment as against him, but not to revive same against the sureties; the same being wholly void as to them.

"B. F. Bean, Trial Judge."

On these findings of fact the court entered judgment declaring the original judgment as against the sureties void, and decreeing that

the same should not be revived, but revived the same in all things against W. C. Mullin.

[1] Appellant contends that the original judgment in Gerlach & Bro., Incorporated, v. Mullin was not void, but at the most only voidable. This proposition is well taken.

In Rowlett v. Williamson, 18 Tex. Civ. App. 28, 44 S. W. 624, two sureties joined with the principal in the execution of an appeal bond. One of the sureties, without the knowledge or consent of the other surety, but with the knowledge and consent of the principal, erased his name from the bond, and a new surety was substituted. After judgment had been rendered against him, the original surety obtained an injunction to restrain the enforcement of an execution against him on the judgment, insisting that the judgment against him was void because he had been released from the bond by the change in sureties. The court said:

"As this court had jurisdiction over that appeal and the signers of the appeal bond, it must follow that its judgment, determining their liability, even if erroneous, because of the existence of facts not made to appear, was yet valid until set aside by some proper proceeding."

Justice Wheeler, in Hopkins v. Howard, 12 Tex. 7, said:

"The want of an affidavit of the justness of the debt was error, for which the judgment must have been reversed on appeal or writ of error. But though erroneous by reason of the omission, the judgment was not thereby rendered void. It is valid and binding until reversed."

In Flores v. Maverick, 26 S. W. 316, the court said:

"When once the jurisdiction of the court has attached, no subsequent irregularity in the exercise of that jurisdiction can make its judgment void."

In Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, the following rule is announced:

"Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and of the subject-matter in controversy, such judgment is never void, no matter how erroneous it may appear from the face of the records or otherwise."

Without quoting further authorities, we cite Michie's Enc. Dig. vol. 11, pp. 138–145.

Appellees insist that the original judgment is void because the trial court never rendered judgment against the sureties. In disposing of this case originally, the following notation was made on the docket by the judge:

"April 16, 1916. On this day this cause was called for trial. Both parties announced ready. Judgment rendered by the court in favor of plaintiff C. J. Gerlach & Bro., Incorporated, against W. C. Mullin for the sum of $162.66 and cost."

[2] This order was sufficient for the court to render the judgment as given in his findings of fact. Judgment being rendered against the principal, as a matter of law, it followed against the sureties.

[3, 4] Hence we determine that the original judgment in this cause is, until duly set aside by an order instituted for that purpose, a valid, binding, and subsisting judgment against Mullin, as principal, and all these appellees as sureties. On this showing, the appellant was entitled to an order reviving his judgment against all defendants in the original judgment as the same appears of record. Hopkins v. Howard, supra. The fact that the judgment in this cause was entered by agreement would not alter the rule as above announced, the Supreme Court, in Frisby v. Withers, 61 Tex. 134, holding that a judgment rendered in pursuance of a parol agreement of compromise is not void, and can only be attacked by a direct proceeding.

The court further erred in holding that the sureties were released by the agreement entered into by and between appellant and Mullin. If Mullin understood from the whole conversation between him and Gerlach that the sureties were to be released, and Gerlach understood that the sureties were not to be released, then no agreement was made, and the judgment was improperly entered. On such a finding, if appellees are not estopped by their subsequent conduct, this original judgment should be set aside and the original cause tried on its merits.

[5] We are not able to find any Texas decisions discussing the liability of the sureties on an appeal bond where the principal and his adversary have agreed on a judgment with a stay of execution. Neither party has cited us to any Texas authority on this point. However, the decisions from some of the other jurisdictions announce the rule as follows (see Corpus Juris, vol. 4, § 3393, p. 1285):

"An agreement for affirmance of a judgment appealed from, made in good faith, does not excuse nonperformance of the condition to prosecute nor discharge the sureties on the appeal bond. And so an agreement for affirmance, extending the time of payment and staying execution, does not discharge the sureties, although made without their express consent"—citing Drake v. Smythe, 44 Iowa, 410; Hershler v. Reynolds, 22 Iowa, 152; Ammons v. Whitehead, 31 Miss. 99.

The reason for this rule is thus given in Drake v. Smythe, supra:

"The sureties became parties to the record, and were liable to any judgment rendered in the cause within the limit of their obligation. Their relation to the action was not such as gave them any control thereof; they could not dictate to defendant the course he should pursue in the case; he had the full right to do whatever the law authorized in a case where no sureties are concerned. Their position in the case was one of obligation for debts, not of

rights in conflict with defendant's rights. They were bound for the judgment which should be rendered against defendant in the progress of the suit. That defendant had the right to stipulate for time upon the rendition of the judgment cannot be questioned. The sureties, then, are bound by that agreement, and are liable upon the judgment."

In Ammons v. Whitehead, supra, the court said:

"The necessary legal effect of their execution of the bonds was to confer upon the principal full power to do whatever he might deem necessary and proper in defending or determining the suits. * * * And upon the same reason he was authorized to compromise the suits upon terms advantageous to himself. This was no violation of the obligation of the sureties, nor a variation of the terms of their obligation; for that was entirely contingent and uncertain, except that the parties had, by the necessary legal effect of the act, submitted themselves to whatever might be done in the determination of the suit, by their principal, under the sanction of the court. * * * And whether the sureties be regarded as parties to the judgment, and as such bound by the proceedings in the suit, or as bound by the action of their principal by reason of the power necessarily conferred upon him by the purpose and legal effect of the bonds, it is clear that the sureties are not within the rule which discharges such parties in consequence of indulgence given to their principal."

In Montrose v. Baggott, 161 App. Div. 494–505, 146 N. Y. Supp. 649, the parties agreed to continue the case until the next term of court, at which time plaintiff was to have judgment for the amount of his demand. The sureties on the appeal bond pleaded that this agreement released them. The court said:

"The undertaking we are considering was not to pay the claim in suit, but the judgment that might be recovered. The sureties' obligation did not arise until the judgment was recovered. The indebtedness for which they were sureties had not matured. A judgment might never have been recovered. Until its recovery the sureties would be in no position to pursue the principal debtor. They could not control the creditor's litigation. He could conduct it in accord with his best judgment to accomplish his own purposes. The rule of exoneration did not apply because the reason for it did not exist."

In announcing this rule, these decisions draw a distinction between the liability of a surety on an appeal bond and a surety on a promissory note. However, there is a distinct conflict among the decisions on this rule. Thus, as held in Wingate v. Wilson, 53 Ind. 78, where, pending the appeal and by agreement of the parties, without the consent of the surety, judgment is rendered against appellant and execution is stayed for a certain time, the surety is discharged from liability.

The reason for this rule is given in Johnson v. Flint, 34 Ala. 673, as follows:

"The principal obligor was prevented from proceeding in the attempt to prosecute his suit to effect by the agreement entered into between him and the obligee, without the knowledge or consent of the sureties. * * * Now, nothing is more clear than that the surety will be discharged, at common law, in all cases where his responsibility is merely for the fulfilment by another of a contract which has been varied, without the consent of the surety, before a breach has occurred. In such case, the new or substituted obligation is not that which the surety undertook should be performed; and the party who seeks to make him liable for the breach of the original agreement has, by his own act, prevented, or, at least, waived its performance, by binding the principal obligor to do something else, in the place of that for which the surety stipulated."

This rule seems to be supported by the following authorities, some direct and others by inference, to wit: Kendall v. Grice, 12 D. C. 279, 47 Am. Rep. 243; Shimer v. Hightshue, an Indiana case, 7 Blackf. 238; Wabaska Electric Co. v. Blue Springs, 84 Neb. 577, 122 N. W. 21; Lehman v. Amsterdam Coffee Co., 151 Wis. 207, 138 N. W. 606, Ann. Cas. 1914A, 1299.

Notwithstanding this contrary holding, we believe, in principle, all the courts recognize a difference between the obligation of a surety on an appeal bond and a surety on a promissory note. For instance, we know of no decision holding that a continuance by agreement without the knowledge or consent of the sureties releases them, though the effect of such an agreement is to postpone the time when sureties could force their principal to pay the debt. This rule is clearly announced in Howell v. Alma Milling Co., 36 Neb. 80, 54 N. W. 126, 38 Am. St. Rep. 699. Our courts recognize that the principle in an appeal bond can agree to a judgment against himself and his sureties' for the full amount sued for, provided the agreement is made in good faith and without collusion with his adversary. Garner v. Burleson, 26 Tex. 348; Lessing v. Cunningham & Hardee, 55 Tex. 231; Siddall v. Goggan, 68 Tex. 708, 5 S. W. 668; Wandelohr v. Grayson County National Bank, a Supreme Court decision, reported in 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046. As against this holding, appellees cite Pilgrim v. Dykes, 24 Tex. 383. In that case, the Supreme Court announced the rule that if parties agree to an extension after rendition of a judgment, without the consent of the sureties, this agreement releases the sureties, and to this statement of the rule we readily agree. We think the announcement as made by the court in Howell v. Alma Milling Co., supra, to wit:

"By the execution of the appeal bond the surety conferred upon his principal authority to do everything that was necessary to be done in the case. The condition of the bond was sufficiently broad to include whatever judgment

might be rendered against the principal in the appeal case, whether by agreement or otherwise. In the absence of proof of fraud or collusion between the principal and the creditor, the stipulations did not have the effect to release the surety from liability on the appeal bond"

—more clearly states the nature of the obligation, and the relation between the principal and the sureties on an appeal bond, than do the contrary decisions.

For the errors indicated, we remand this cause, with instructions to the trial court, on motion of appellant, or when this cause is again called for trial, without any further proceeding or testimony, to enter judgment reviving the original judgment; then to hear testimony as to the nature and extent of the agreement entered into by and between Gerlach and Mullin; and, if it should be found that it was not the mutual understanding by Mullin and Gerlach that the sureties should be bound, then to set aside the judgment entered on the 16th day of April, 1916, and try this original cause on its merits, but, if such was their mutual understanding, then to deny the motion to set aside and thus leave the original judgment in full force and effect.

This cause is accordingly reversed and remanded, with instructions as above indicated.